Houck, J.
This is an appeal case and is prosecuted to this court from the common pleas court of Knox county. The basis of the action is one for injunction, and was submitted to this court upon an agreed statement of facts.
We do not deem it necessary in order to decide the real question involved in this case to set out in this opinion the agreed statement of facts, as we think it sufficient to say that applying the propositions of law pertinent and applicable to the facts agreed upon there remains but one question to be determined by the court, which is a question of fact, namely, whether or not said board of education has ceased to use said premises for school purposes.
An examination of the agreed statement of facts shows that the school in the school district in which said premises are located has been suspended for *183 about three years by the board of education, and the question for solution is: Does this fact constitute such a non user as would be held to be an abandonment of said school property for school purposes, which would warrant, justify and authorize the defendant to take possession of said premises?
Abandonment, as we understand it, means an intentional relinquishment of a known right, and to constitute abandonment there must be an intent and an actual failure to use. Nonuser alone, at least short of the period of the statute of limitations, unless otherwise provided by contract, is not sufficient, as we deem it, to prove an abandonment; but nonuser, if continued for such a length of time, coupled with other acts of a character which would within themselves tend to show an intention on the part of the owner not to resume or repossess himself of the thing whose use is relinquished, may constitute an abandonment.
Applying these rules to the conceded facts in this case, we are bound to find and do find that the claim of the defendant is not well taken and that therefore the plaintiffs are entitled to the relief prayed for in their petition.

Judgment for plaintiffs as prayed for in the petition. Injunction made perpetual. C.ause is remanded to the common pleas court for execution as to costs.

Powell and Shields, JJ., concur.