Carroll,
Feb. 6, 1951. } No. 3937.

JOSEPH J. ROTHROCK & a. v. LOON ISLAND & a.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the plaintiffs.

*Gordon M. Tiffany,* Attorney General and *Warren E. Waters,* Assistant Attorney General (*Mr. Waters* orally), for the State.

KENISON, J. Since the State cannot be sued in our courts without its consent and there is no statute, general or special, authorizing the present proceeding, it must be dismissed as against the State. *Bow* v. *Plummer,* 79 N. H. 23; *State* v. *Kinne,* 41 N. H. 238; *St. Regis Co.* v. *Board,* 92 N. H. 164; *Klinger* v. *Cartier, ante,* 180. Because this principle of sovereign immunity may prevent the complete adjudication of property rights, many states have enacted statutes allowing courts to make a final determination in any case where the state asserts a lien, title or claim to the property in dispute. There is no such statute in this State. *Cf.* R. L., *c.* 87, *s.* 52; anno. 113 A. L. R. 1511. Unless the State seeks to determine its alleged title to Loon Island by proceeding in its own right or the plaintiffs are authorized to do so by general or special legislation, the question transferred in this case cannot be answered.

Nothing said in this case is intended to express agreement with the contention that the admitted title of the State to the public waters of Silver Lake (R. L., *c.* 182, *ss.* 17, 18) and the soil thereunder "carries with it title to Loon Island." When that question is to be determined, it will have to be considered along with the legislative and judicial recognition that appears to have been given to the private ownership

of certain islands in the lakes and ponds of New Hampshire for more than a century. See *State* v. *Hutchins,* 79 N. H. 132, 133; 296 Briefs & Cases 147 and 327 Briefs & Cases 563; Laws 1907, *c.* 161; 7 N. H. Laws 665; *Cheever* v. *Roberts,* 82 N. H. 289; *Dana* v. *Craddock,* 66 N. H. 593; Laws 1891, *c.* 51; Fry, New Hampshire as a Royal Province (1908) 312, 313; XXIX N. H. State Papers (Batchellor 1896) 585, 586, and appended map; XXVIII *Id.* preface 6; *State* v. *4.7 Acres of Land,* 95 N. H. 291; Laws 1939, *c.* 191, as amended. If record or documentary title involving the Masonian proprietors should become material, reference may be had to the boundary dispute in *Cushing* v. *Miller,* 62 N. H. 517, 518, 519, in which case a portion of a copy of the James Hersey map of 1781 was used and reproduced. See generally, Upton, Revolutionary New Hampshire (1936) *c.* 12; Akagi, The Town Proprietors of the New England Colonies (1924); 1 Powell, Real Property (1949), *s.* 57.

*Case discharged.*

All concurred.