WEST PARK SHOPPING CENTER, INC., APPELLEE, *v.* MASHETER, DIRECTOR OF HIGHWAYS, ET AL., APPELLANTS.

(No. 39646—Decided May 11, 1966.)

*Mr. Carl B. Mellman*, for appellee.

*Mr. William B. Saxbe*, attorney general, *Mr. I. Charles Rhoads* and *Mr. Allan D. Dobnicker*, for appellants.

BROWN, J. We are unable to find statutory authority for the negotiations which occurred between the parties. Nor is any such authority called to our attention by counsel. We need not pass upon the question of whether Section 5511.07, Revised Code, authorized the acts of the director which purported to abandon the park, although it should be noted that that section specifically deals with vacating portions of highways only. It should also be noted that the word, "vacate," and the word, "abandon," involve entirely different meanings.

"An abandonment is proved by evidence of an intention to abandon as well as of acts by which the intention is put into effect; there must be a relinquishment of possession with an intent to terminate the easement." *Dalton* v. *Johnson* (Mo.), 320 S. W. 2d 569; *Miller* v. *Teer*, 220 N. C. 605, 18 S. E. 2d 173; *Schenck* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 11 Ohio App. 164; *Wheaton* v. *Fernenbaugh*, 8 Ohio App. 182; 2 Casner, American Law of Property, Section 8.97; 2 Thompson on Real Property, Section 443; annotation, 25 A. L. R. 2d 1265.

Discussion of the validity or invalidity of the acts of purported abandonment or the authority or lack of authority of the Director of Highways to dispose of property of the state is not important, since the lack of jurisdiction of the courts of the state of Ohio to quiet title against the state is clear.* Nor does the fact that the Director of Highways is the nominal defend-

---

*See 81 Corpus Juris Secundum 1320, States, Section 216, paragraph c: "Suits affecting property in which state has or claims interest

"A suit, involving property in which the state has an undoubted right or interest, and in which no effective decree can be rendered without binding the state itself, is a suit against the state and cannot be maintained without its consent."

It should be noted that this situation is unlike that presented in *Wayman* v. *Board of Education*, 5 Ohio St. 2d 248, in which this court held that a board of education could be enjoined from creating or maintaining a nuisance. It is a generally recognized exception to the rule of sovereign immunity from suit that injunction will lie against the sovereign for creating or maintaining a nuisance. See annotation, 52 A. L. R. 2d 1134 *et seq.*, and the cases there cited.

ant give a court jurisdiction not present in cases where the suit against the sovereign is without its consent. Nor will construing the action to be one for declaratory judgment correct the total defect.

For the broad general statement that an action to quiet title will not lie against the state see *Sanders* v. *Saxton*, 182 N. Y. 477, 75 N. E. 529, 108 Am. St. Rep. 826, 1 L. R. A. (N. S.) 727. See, also, 41 Corpus Juris 888; *Louisiana* v. *Jumel*, 107 U. S. 711; *Christian* v. *Atlantic & North Carolina Rd. Co.*, 133 U. S. 233.

See *Schwing, Trustee,* v. *Miles*, 367 Ill. 436, 11 N. E. 2d 944, extensively annotated in 113 A. L. R. 1511. Here, in a suit to foreclose a mortgage on land acquired by the state by gift for park purposes from one who obtained title through proceedings which were claimed to have been ineffectual to cut off the mortgage and in which the Director of the State Department of Public Works and Buildings has been made a party defendant, it was held that the action was within the constitutional inhibition of suits against the state.

In *Pauchogue Land Corp.* v. *Long Island State Park Comm.*, 243 N. Y. 15, 152 N. E. 451, the court held that title of the state to land may not be tested in an action brought against the state or its officers without its consent, and that an action against state park commissioners is in reality an action against the state itself and cannot be maintained.

In *Hjorth Royalty Co.* v. *Trustees of University*, 30 Wyo. 309, 222 P. 9, the action sought to quiet title against the trustees of the University of Wyoming to federal lands granted to the state for the university in the Act of Admission of Wyoming. Plaintiff claimed possession and title to such lands as an oil-mining claim subject to the paramount title of the United States. A demurrer was sustained, the court holding that it had no jurisdiction over the defendant or the subject matter since the suit was in effect a suit against the state.

In *Rothrock* v. *Loon Island*, 96 N. H. 421, 78 A. 2d 512, an action to quiet title to an island located in a lake which was one of the public waters of the state, it was held that the doctrine of sovereign immunity required a dismissal.

In *Kern County Land Co.* v. *Lake County*, 232 Ore. 405, 375 P. 2d 817, it was held that an action against a county to

quiet title violates sovereign immunity and will not lie unless consented to by specific statute.

It has been held that partition actions will not lie against a state park commission, and that a suit against such an agency is a suit against the state itself which violates sovereign immunity. *Kentucky State Park Comm.* v. *Wilder*, 256 Ky. 313, 76 S. W. 2d 4, and cases cited in 59 A. L. R. 2d 937.

In *Karp* v. *High Point Park Comm.*, 131 N. J. Eq. 249, 24 A. 2d 860, which was a suit to quiet title, the court held that an action to adjudicate the title to property claimed by an agency of the state in behalf of the public is a "suit against the state."

The case of *American Trust & Savings Bank of Albuquerque* v. *Scobee*, 29 N. M. 436, 224 P. 788, was an action to quiet title and to remove a cloud. The action was held not to lie against the state even though the nominal defendant was the commissioner of public lands.

The following appears in paragraph two of the syllabus in *Niagara Falls Power Co.* v. *White, Power Commr.*, 292 N. Y. 472, 55 N. E. 2d 742:

"Nor has the court jurisdiction of the subject matter of the action insofar as it is against state officers and the commission itself for such a declaratory judgment. The gravamen of the whole complaint is plaintiff power company's contention that it, not the state, has a proprietary right to divert the waters. In such a suit, against officers of the state the state is the real party in interest and the consent of the state to be sued is required."

Cases in which suit may be brought against state officers without violating sovereign immunity are clearly distinguished in 43 A. L. R. 408. See, also, 25 R. C. L. 413, States, Section 50.

The Uniform Declaratory Judgments Act does not affect the doctrine of sovereign immunity. Borchards, Declaratory Judgments, 2 Ed. 374. See, also, 62 Harv. L. Rev. 787, 821 to 825.

*Executive Air Service, Inc.,* v. *Division of Fisheries and Game,* 342 Mass. 356, 173 N. E. 2d 614, was an action for declaratory judgment. It was held that sovereign immunity is not affected by the declaratory judgment procedure. It was also held that the action although brought against the Division

of Fisheries was against the state the real party in interest since it was the state's interest in real estate which was disputed, and that the court lacked jurisdiction.

In *Broadsword* v. *Kauer, Dir.*, 161 Ohio St. 524, title was purportedly quieted against the state. Similarly, *Lowmiller* v. *Fouser*, 52 Ohio St. 123, is given as authority for the proposition appearing in 19 Ohio Jurisprudence 2d 700, Eminent Domain, Section 281, that "an action to quiet title may be brought against a condemnor where the condemnation proceedings fail because of the condemnor's default." Although the county commissioners were parties to the latter of those two cases and the Director of Highways was defendant in the former, in neither case was the immunity of the state from such suits raised, discussed or decided. Neither case should, therefore, be considered as authority for the proposition that an action to quiet title will lie against the state or against a state officer where the property right is in the state.

In *Reed* v. *Timberman*, 65 Ohio App. 182, dismissed for want of debatable constitutional question, 137 Ohio St. 524, a well-reasoned appellate court decision, Ross, J., found that there was no authority in law permitting the Director of Public Works to enter the appearance of the state in an action in which the state of Ohio is the real party in interest and said:

"Were we to grant the prayer of the petition the result would be to render the lease void as to all concerned *except* the state of Ohio as to which sovereignty we have no jurisdiction either to make a decree or enforce it."

Both of the courts below erred in accepting jurisdiction and in granting relief.

For the reasons stated, the judgment is reversed and final judgment is rendered for the appellants.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.