OPINION
Defendant Muskingum Recreational Trail, Inc., appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, entered on a jury verdict, in favor of plaintiff Andrew Cornett. Appellant assigns six errors to the trial court:
ASSIGNMENT OF ERRORS
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT MRTI'S MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN REFUSING TO STRIKE THE PLAINTIFF-APPELLEE'S REQUEST FOR A JURY.
 ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN ITS RULINGS WITH REGARD TO THE EXCLUSION OF PROSPECTIVE JURORS IN THE CASE.
 ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN GRANTING THE PLAINTIFF-APPELLEE'S REQUEST FOR A JURY VIEW OF PLAINTIFF-APPELLEE'S PROPERTY.
 ASSIGNMENT OF ERROR NO. 5:
 THE TRIAL COURT ERRED IN PERMITTING PLAINTIFF-APPELLEE TO INTRODUCE INTO EVIDENCE PICTURES OF PROPERTY OWNED BY AN INDIVIDUAL OTHER THAN THE PLAINTIFF-APPELLEE THAT WERE INFLAMMATORY IN NATURE.
 ASSIGNMENT OF ERROR NO. 6:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR A DIRECTED VERDICT.
The record indicates appellee owns property in Muskingum County, Ohio. His property had historically been crossed by a railroad, formerly owned by Pennsylvania Railroad Company and most recently owned and operated by Consolidated Rail Corporation. In 1982, the Interstate Commerce Commission granted Conrail's request to abandon the "rail corridor". The railroad stopped using the subject rail line in 1980, and in 1982 or 1983 it removed the railroad ties, ballast and rails. Thereafter, Conrail stopped maintaining the rail line, including weed and drainage control. Appellee purchased the property several years later, and there were never any tracks, ties, ballast, or other railroad property on the former corridor after he purchased it.
In 1994, Conrail executed a quit claim deed on various parcels of land containing former railroad corridors, including the portion that ran through appellee's property. The quit claim deed transferred all Conrail's interest in the subject property to appellant. Appellant recorded the deed in 1996. Appellee filed this action to quiet title to the subject corridor, and to recover uninterrupted possession of the property.
 I
In its first assignment of error, appellant urges the trial court erred as a matter of law in failing to grant its motion for summary judgment. The trial court found there were genuine issues of fact regarding whether or not appellant abandoned the easement, which would cause the land in question to revert to the appellee prior to appellant's execution of the quit claim deed.
Pursuant to Civ.R. 56(C), a trial court may enter a summary judgment only if it finds one party is entitled to judgment as a matter of law, or reasonable minds could come to but one decision regarding all of the material facts. If a court finds reasonable minds could come to different conclusions on the essential facts, it must overrule the motion for summary judgment.
The pivotal issue here is precisely as the trial court articulated it: whether Conrail abandoned the property sometime in the early 1980's, before it executed the quit claim deed in favor of appellant. If the property was in fact, abandoned, then it reverted to the appellee long before the attempted transfer.
We have reviewed the record, and we find reasonable minds could differ regarding whether or not the railroad's actions in the 1980's constituted abandonment of the property. In ParkShopping Center v. Masheter (1966), 6 Ohio St.2d 142, the Ohio Supreme Court held abandonment is proved by evidence of intention to abandon, coupled with actions which put into effect the intention. In other words, there must be a relinquishment of possession as well as an intent to terminate the easement. ParkShopping Center, at 144.
We find the trial court properly overruled the motion for summary judgment, because on the record before the trial court, and before us, reasonable minds could differ on the essential facts and the inferences to be drawn from the facts, see Hounshellv. American States Insurance Company (1981), 67 Ohio St.2d 427,433. The first assignment of error is overruled.
 II
In his second assignment of error, the appellant urges the trial court erred in submitting the matter to a jury. Appellant asserts a quiet title action is a matter properly tried to the bench, because it invokes the equitable jurisdiction of the court.
Appellee cites R.C. 2311.04, which provides issues of fact arising in actions for recovery of money or real property shall be tried to a jury unless waived.
Our review of the record leads us to conclude appellee not only sought a quiet title, but recovery of the property in question from appellant, who purported to have purchased the property from Conrail. Accordingly we conclude the matter was appropriate for resolution by a jury.
The second assignment of error is overruled.
 III
The trial court excluded a prospective juror for cause because the prospective juror indicated he knew one of appellant's witnesses, a doctor who performed surgery on the juror. No one asked the juror if he could be fair and impartial, and appellant urges the trial court erred in summarily dismissing this juror for cause.
During the voir dire dialogue, appellant's counsel pointed out to the court the prospective juror had indicated he was pleased with Dr. Camma's performance, but the court responded the bond between the surgeon and the patient appeared to be very strong, and the juror might unconsciously give more credence to Dr. Camma's testimony.
In Berk v. Mathews (1990), 53 Ohio St.3d 161, the Supreme Court found disqualifying jurors for cause is a discretionary function of the trial court. This court may not reverse a trial court on a discretionary decision unless we find the trial court abused its discretion. The Supreme Court has repeatedly defined the term abuse of discretion as implying ". . . the court's attitude is unreasonable, arbitrary or unconscionable . . . ." Berk at 168, citations deleted.
We have reviewed the record of the voir dire, and we find the trial court did not abuse its discretion in deciding to excuse Mr. Norris for cause. Accordingly, the third assignment of error is overruled.
 IV
Appellee asked the court to send the jury to view the property which was the subject of the litigation. Appellant argues the jury view served no benefit other than to prejudice appellant and to enable members of the jury to form opinions based upon sympathy, rather than on the law. Appellee suggested maps and photographs of the property in dispute would have been sufficient to give the jury a full understanding of the property. Apparently, the facts which appellant felt would be irrelevant and prejudicial are the proximity of appellee's home, deck, and garage to the former rail corridor.
R.C. 2315.02 permits a court to order the jury to be conducted to the property if the court finds it is proper. Again, the statute directs the matter to the court's discretion, and we should not reverse unless we find the trial court abused its discretion. We find the jury view was not duplicative or cumulative, despite appellee's assertion that maps, diagrams, and photographs would have been sufficient. We further find the trial court did not abuse its discretion when it found it was appropriate for the jurors to view the property.
The fourth assignment of error is overruled.
 V
At trial, appellee presented the testimony of a neighboring property owner, not a party to the litigation, who testified regarding damage to this property owner had sustained as a result of Conrail's alleged failure to take care of its easement. The trial court permitted the witness to show the jury pictures of the witness' own property, which was not a subject of the litigation, to demonstrate the damage. Appellant argues the testimony and photographs were highly prejudicial and inflammatory, and had no relevance to the issue of ownership of the disputed property.
Appellee responds the issue for the jury's final determination was whether or not Conrail had intended to abandon the rail corridor, of which appellee's property was only a part. Appellee argues his witness' testimony proved Conrail's abandonment of its corridor. Appellee also points out the court permitted only three of his nine photographs to be admitted into evidence.
A trial court is vested with discretion to accept or reject evidence offered by a party, and an appellate court may not reverse unless it finds the court abused its discretion, see Rigbyv. Lake County (1991), 58 Ohio St.3d 269. Our review of this matter leads us to conclude the trial court did not abuse its discretion in permitting the jury to hear the testimony and view the photographs.
The fifth assignment of error is overruled.
 VI
Finally, appellant argues the trial court erred in not directing a verdict in its favor at the conclusion of appellee's case. Appellant suggests, as it did in I, supra, it was entitled to judgment as a matter of law.
Pursuant to Civ.R. 50, a trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. If the court finds on any determinative issue reasonable minds could come but to one conclusion upon the evidence submitted, the court should direct a verdict for a moving party on that issue. A motion for directed verdict tests whether the evidence is legally sufficient to submit to the jury, and does not involve weighing the evidence or determining the credibility of the witnesses, Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116.
As we found in I, supra, this matter presented an issue of fact appropriate for determination by the jury. Accordingly, the trial court correctly overruled the motion for directed verdict.
The sixth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellee.
NUNC PRO TUNC
On August 3, 1998, this court filed its opinion and judgment in the within action. Our judgment contains a scrivener's error, which mistakenly assessed costs to appellee. The judgment is therefore hereby corrected nunc pro tunc to speak as of August 3, 1998.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs taxed to Appellant.