This is the second time that this case involving a dispute over an easement is on appeal from a judgment of the Sandusky County Court of Common Pleas.
The facts of this case are fully set forth in Liebing v.Sauber (Oct. 10, 1997), Sandusky App. No. S-96-050, unreported ("Liebing I"). Briefly, however, in 1954, the owner/grantor of the disputed property recorded a plat of a large parcel of land along Sandusky Bay. The plat showed a proposed subdivision consisting of Lot Nos. 2 through 7 and a park along the bay or north side of a private road, later known as Clearview Drive. As shown in the plat, eight more lots (Lot Nos. 8 through 15) were on the south side of Clearview Drive. The road itself consisted of a twenty-five foot easement from each of the lots creating a fifty foot wide road. In later plats filed by the grantor, the number of lots along the north or bay side of Clearview Drive was extended and denominated Lot Nos. 16 through 32.
The successors in interest to the original owner/grantor sold the lots on the north side of Clearview Drive. Each of the deeds to those lots made the properties subject to a twenty-five foot easement along the southern portion of each lot. In 1963, the successors in interest vacated Lot Nos. 8 through 15 on the south side of Clearview Drive.
In 1979, appellant, Howard C. Liebing, purchased the entire 12.942 acre parcel on the south side of Clearview Drive. Although his deed did not expressly grant a twenty-five foot wide easement along the northern portion of his property, a plat recorded in 1963 shows a twenty-five foot distance from the boundaries of Liebing's property to the centerline of Clearview Drive.
Liebing instituted the present action in 1993. In a 1994 amended complaint, he named several of the owners of property on the north side of Clearview Drive as defendants. Along with specific claims against appellees, John B. and Sherry Sauber, Liebing asked for the restoration of title to the twenty-five foot easement along the northern boundary of his property. He contended that the defendants had no interest in the property. He also relied on the doctrines of adverse possession, abandonment, and laches.
Appellees filed a motion for summary judgment maintaining that no question of fact existed as to any of appellant's legal theories. In granting this motion, the court addressed only the issues of the existence of the easement and adverse possession. Liebing appealed. This court determined that an implied twenty-five foot wide easement existed over Liebing's property and that the trial court did not err in awarding summary judgment on the issue of adverse possession. Nevertheless, because the trial court failed to consider Liebing's other legal theories, we reversed the trial court's judgment and remanded this case for determination of those specific issues. See Liebing I, supra.
After the Ohio Supreme Court declined to exercise jurisdiction over this case and it was returned to the Sandusky County Court of Common Pleas, appellees filed a motion for summary judgment arguing that laches was inapplicable in this case and that appellant offered no evidence of the abandonment of the easement. In his memorandum in opposition, Liebing set forth several arguments on the issue of abandonment and offered his own affidavit in support of his memorandum. He did not address the issue of laches. Appellees filed a reply brief supported by affidavits. Liebing responded with another memorandum in opposition that did discuss the doctrine of laches, as well as the doctrine of abandonment, and more supporting affidavits.
On March 2, 1999, the trial court filed a judgment entry finding "that Plaintiff's claims for relief on the theories of laches and abandonment are not well-taken." While not specifically granting appellees' motion for summary judgment on these remaining claims, the court refers to its previous judgment on motions for summary judgment and clearly intended to do so.
Liebing appeals that judgment and sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "The Trial Court erred on remand when it found that no part of the easement had been abandoned or lost as the result of laches."
"SECOND ASSIGNMENT OF ERROR
 "The Trial Court erred in granting summary judgment on remand despite the existence of one or more genuine issues as to material facts."
Appellant's second assignment of error challenges the trial court's grant of summary judgment to appellees. He asserts that, at the least, questions of fact exist as to whether the implied easement was abandoned. Liebing does not address the doctrine of laches. Although the doctrine was mentioned in dicta
in Liebing I, this court could not comment on the merits of the claim based on laches at that point in time. We now find that laches is an affirmative defense, See Civ.R. 8(C), and as such could not be used as a basis for Liebing's cause of action as a matter of law.
Turning now to the standard applicable to the sole issue before us, this court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) viewing the evidence in a light most favorable to the nonmoving party, reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party;(3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id. at 293.
In applying this standard to the case under consideration, we are compelled to reverse the judgment of the trial court on the issue of the abandonment of the easement.
An easement is defined as an interest in the land in the possession of another which "entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists." Smith v. Gilbraith (1991), 75 Ohio App.3d 428,434. "An abandonment is proved by evidence of an intention to abandon as well as of acts by which the intention is put into effect; there must be a relinquishment of possession with an intent to terminate the easement." West Park Shopping Ctr. v.Masheter (1966), 6 Ohio St.2d 142, 144 (Citations omitted.); Wyattv. Ohio Dept. of Transp. (1993), 87 Ohio App.3d 1, 5. Wheaton v.Fernenbaugh (1917), 8 Ohio App. 182, 183. The intention to abandon the easement must be proven by "unequivocal and decisive acts" by the dominant estate holder which are inconsistent with future use and enjoyment of the easement. Schenck v. Cleveland,Cincinnati, Chicago St. Louis Ry. Co. (1919), 11 Ohio App. 164,167. Thus, mere nonuse by the owner of the dominant estate does not constitute a surrender of the easement or give rise to an abandonment. Langhorst v. Riethmiller (1977), 52 Ohio App.2d 137,141. But nonuse, coupled with other acts of a character which would "tend to show an intention on the part of the owner not to resume or repossess himself of the thing whose use is relinquished, may constitute an abandonment." Wheaton v.Fernenbaugh, 8 Ohio App. at 183.
The basis for appellees' motion for summary judgment was the fact that an easement for a road existed on the northern portion of Liebing's property. We agreed. However, Liebing offered specific facts creating a question of fact on the issue of abandonment of the easement. It is undisputed that a large part of the implied easement on the Liebing property was never used as a road. In fact, Clearview Drive consists of only a ten to twelve foot gravel road traversing, in great part, the northerly easement. The easement on the Liebing property was farmed until 1977. Exhibits show that since that time much of the area is grass, trees, shrubs and other vegetation; in places, a row of large trees runs down the twenty-five foot implied easement close to the gravel road. Many of the appellees have burn barrels and/or storage sheds on the easement, have used it for parking and either have or have had gardens. The Saubers actually constructed a parking area on the easement. Liebing also offered evidence of the fact that, except for the Saubers, the owners of lots on the north side of Clearview Drive asked his permission to use the easement on the north side of his property. Thus, we must conclude that questions of fact exist on the claim of abandonment. Specifically, Liebing offered facts demonstrating over forty years of nonuse of the easement plus acts of a character tending to show that appellees did not intend to resume or repossess the relinquished property right.
Appellees offered seventeen affidavits of property owners on the north side of Clearview Drive in reply to appellant's memorandum in opposition. The affidavits are identical. In each, the property owner avers that he or she never intended to surrender any rights to any part of the "50' right of way." Each person also asserts that only temporary uses were ever made of the twenty-five foot easement and could easily be removed "when, and if, Clearview Drive would become a public roadway." Finally, while admitting that the gravel road used by residents for the last forty-five years lies primarily in the north easement, each affiant states that it also extends into the south easement. We are of the opinion that these affidavits simply add to the conflict in evidence on the question of intent to abandon the easement. Therefore, the trial court did err by, in essence, granting summary judgment to appellees as a matter of law. Liebing's second assignment of error is found well-taken.
In his first assignment of error, Liebing asks this court to "find that the Southerly twenty feet (20') of the original fifty foot (50') wide easement [on his property] has been abandoned or lost because of laches." Essentially, Liebing requests an award of summary judgment.
Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a nonmoving party. Marshall v. Aaron
(1984), 15 Ohio St.3d 48, syllabus. Nevertheless, even an appellate court may enter a summary judgment for the nonmoving party when (1) the entry of summary judgment against the moving party does not prejudice his or her due process rights; (2) all relevant evidence is before the court; and (3) no genuine issue as to any material fact exists; and (4) the nonmoving party is entitled to judgment as a matter of law. State ex rel. CuyahogaCty. Hosp. v. Ohio Bur. of Workers' Comp. (1986), 27 Ohio St.3d 25,28. Here, we have already determined that genuine issues of material fact exist on Liebing's claim of abandonment of the easement. Accordingly, Liebing's first assignment of error is found not well-taken.
The judgment of the Sandusky County Court of Common Pleas is affirmed as to Liebing's claim based on laches and reversed as to his claim based on abandonment. This cause is remanded to that court for further proceedings consistent with this judgment. Liebing is ordered to pay one-half of the costs of this appeal; appellees are ordered to pay one-half of the costs of the instant appeal.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.