OPINION
Plaintiff-appellant Wheeling Lake Erie Railway Company (hereinafter "WLE") appeals the July 20, 2000 Judgment Entry of the Stark County Court of Common Pleas which denied its motion for preliminary injunction and dismissed its complaint. Defendants-appellees are the Stark County Commissioners, the Canton Township Board of Trustees, and the Stark County Engineer (hereinafter "Stark County").
 STATEMENT OF THE CASE AND FACTS
This is a dispute over the construction of an at-grade railroad crossing at the intersection of East Sparta Road in Stark County, Ohio, and the railroad tracks owned by WLE. On March 15, 2000, WLE filed a declaratory judgment action against Stark County. The complaint maintained Stark County's planned construction of an at-grade crossing over WLE's track was unlawful because Stark County had failed to first petition the Stark County Court of Common Pleas for authority to construct such a crossing. After the complaint was filed, Stark County began moving heavy construction equipment over the rails at the location of the proposed crossing, apparently without WLE's knowledge. WLE amended its complaint to add a claim for injunctive relief and for damages for trespass. Thereafter, WLE filed a motion for a temporary restraining order, seeking to enjoin Stark County from any further work on the roadway which required trespass on WLE's property. In a May 12, 2000 Judgment Entry, the trial court granted the motion in part, enjoining Stark County from any construction affecting the railway. On May 25, 2000, the trial court held a hearing on WLE's motion for a preliminary injunction. At the hearing, David Ream, the road superintendent for Canton Township, testified East Sparta Road was closed in 1975, to vehicle traffic, but the road remained open for pedestrians and bicyclists until 1978, or 1979, when it was closed to all traffic. The roadway was also formally closed by resolution of the Stark County Commissioners on October 12, 1978. However, on November 14, 1978, on advice of the Stark County prosecuting attorney, the commissioners revoked the October 12, 1978 resolution. Mr. Ream testified the county never took the steps necessary to legally vacate the road, and intended to use the road again in the future. T. at 63. Before the East Sparta roadway was closed, it included an at-grade crossing for the railroad track owned by the predecessor in title to WLE. Mr. Ream further testified there was, at the time of the hearing, no at-grade crossing where the former roadway intersected the tracks. Mr. Ream testified the previous crossing had been removed in 1978, or 1979. In a July 20, 2000 Judgment Entry, the trial court denied WLE's motion for a preliminary injunction, finding no likelihood of success on a permanent injunction by WLE. The trial court found the county did not legally vacate the roadway and the roadway easement had not been extinguished. Based upon those conclusions, the trial court dismissed appellant's entire complaint. It is from this judgment entry appellant prosecutes its appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN DISMISSING WHEELING LAKE ERIE RAILWAY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT ON A MOTION FOR PRELIMINARY INJUNCTION WITHOUT HEARING EVIDENCE ON THE SUBSTANCE OF THE CLAIM THAT THE STARK COUNTY COMMISSIONERS, CANTON TOWNSHIP BOARD OF TRUSTEES, AND STARK COUNTY ENGINEER WERE CONSTRUCTING A HIGHWAY-RAILROAD GRADE CROSSING IN VIOLATION OF R.C. 4957.27.
 II. THE TRIAL COURT ERRED IN RULING THAT THE CROSSING EASEMENT OVER THE RAILROAD TRACKS OF WHEELING LAKE ERIE WAS NOT LOST BY NON-USER FOR A PERIOD OF MORE THAN 21 YEARS.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
We address appellant's second assignment of error first.
 II
In its second assignment of error, appellant maintains the trial court erred in finding Stark County had not abandoned the crossing easement because Stark County did not use the easement for a period of more than twenty-one years. We disagree. The standard of review for the grant of injunctive relief is whether is the trial court abused its discretion. Control Date Corp. v. Controlling Bd. (1983), 16 Ohio App.3d 30, 35. The allowance of an injunction rests within the sound discretion of the trial court and depends upon the facts and circumstances surrounding the case. Perkins v. Quaker City (1956), 165 Ohio St. 120. The term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 . "An abandonment is proved by evidence of an intention to abandon as well as of acts by which the intention is put into effect; there must be a relinquishment of possession with an intent to terminate the easement." West Park Shopping Center, Inc. v. Masheter (1966), 6 Ohio St.2d 142. We find there was some competent, credible evidence to support the trial court's finding the county did not abandon its easement over the subject railway. Although there was evidence to support non-use of the easement for a period of twenty-one years, the trial court did hear testimony the county intended to use the easement in the future. Accordingly, we find no abuse of discretion in the trial court's denial of appellant's preliminary injunction on the basis appellant was unlikely to prove Stark County abandoned its easement. Appellant's second assignment of error is overruled.
 I
In appellant's first assignment of error, it maintains the trial court erred in dismissing its complaint for declaratory judgment after the hearing on the motion for preliminary injunction without first hearing evidence on the its underlying claim Stark County was attempting to construct an at-grade crossing in violation of R.C. 4957.27. We agree. We find it was error for the trial court to sua sponte dismiss the complaint without notice or any further hearing on the underlying complaint. Denial of the preliminary injunction because of the unlikelihood of appellant's proving abandonment does not necessarily mean neither R.C. 4957.27 nor 4957.30 is applicable in the matter sub judice. Accordingly, we find the trial court erred in dismissing appellant's complaint for declaratory judgment. Appellant's first assignment of error is sustained.
The July 20, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with law and our opinion.
Hoffman, P.J. Farmer, J. and Wise, J. concur