DECISION AND JUDGMENT ENTRY
This appeal concerns the issuance of a permanent injunction by the Lucas County Court of Common Pleas in a case involving the maintenance of an easement right-of-way. Because we conclude that the trial court committed no reversible error, we affirm.
Appellant, Charles Howey, owns a suburban apartment complex. Appellant purchased the property in 1981. Prior to that purchase, appellee, Panhandle Eastern Pipeline Company, held interests in two easements on the property. In 1942, appellee obtained an easement "to lay pipe line over and through the premises * * * and to maintain, operate, repair, replace and remove the same * * *." In 1966, an amended easement was granted which prohibited the planting or permitting of any trees or non-shrubbery woody growth anywhere over a one hundred ten feet wide strip of land.
In 1999, appellee contacted appellant about removing seven trees which were growing in the one hundred ten feet easement right-of-way area. Appellee sought to enforce the provisions of the easement by cutting down the trees. When appellant prevented the removal, appellee filed for preliminary and permanent injunction to prevent appellant's interference with the removal.
Ultimately, the trial court granted both the preliminary and permanent injunctions, ruling that appellee had the right to cut the trees pursuant to the express easement. Appellant now appeals that judgment, setting forth the following two assignments of error:
 "I The Lower Court Erred in Granting Panhandle Eastern a Preliminary and Permanent Injunction.
 "II. The Lower Court Erred in Permitting the Panhandle Witnesses to Testify as Experts on the Legal Effect of SOPs, Tree Roots on the Pipe Line, and With Regard to the Risk of a Leak or Explosion on the Howey Property."
 I.
We will address appellant's assignments of error in reverse order. In his second assignment of error, appellant argues that the trial court improperly permitted appellee's witnesses to testify as experts regarding company regulations and the effects of tree roots on the pipeline.
Evid.R. 701 provides that a lay witness may give opinions or inferences which are limited to "those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony of the determination of a fact in issue." The decision of whether or not to admit evidence rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. State v. Maurer (1984), 15 Ohio St.3d 239, 265. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
While appellee's witnesses were all company employees, they, in our view, were not presented to give expert testimony, but rather were lay persons who had actual knowledge of the company policies, regulations, procedures, and reasons for such policies. The factual testimony which was admitted was within the perception and special knowledge of each of the witnesses and helped to explain why the pipeline company policy required removal of the trees within the easement right-of-way, i.e., clear aerial surveillance and prevention of possible complications from tree roots. Therefore, the trial court did not abuse its discretion in admitting the employees' testimony.
Accordingly, appellant's second assignment of error is not well-taken.
 II.
Appellant, in his first assignment of error, in essence, contests the trial court's granting of a permanent injunction which permits appellee to remove the trees.
When reviewing the grant or denial of a permanent injunction, the trial court's discretion will not be disturbed on appeal absent a clear abuse of discretion. Danis Clarkco Landfill Co. v. Clark Cty. Solid WasteMgt. Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus;Perkins v. Quaker City (1956), 165 Ohio St. 120, 125. A reviewing court should presume that the trial court's findings are accurate since the trial court "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility" of the witnesses. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 138, citing to Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
An easement is defined as an interest in the land in the possession of another which "entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists." Smith v. Gilbraith
(1991), 75 Ohio App.3d 428, 434. Abandonment of an easement "is proved by evidence of an intention to abandon as well as of acts by which the intention is put into effect; there must be a relinquishment of possession with an intent to terminate the easement." West Park ShoppingCtr. v. Masheter (1966), 6 Ohio St.2d 142, 144; Wyatt v. Ohio Dept. ofTransp. (1993), 87 Ohio App.3d 1, 5; Wheaton v. Fernenbaugh (1917),8 Ohio App. 182, 183.
In the present case, it is undisputed that in 1966 an express easement was granted to appellee over a one hundred ten feet right-of-way area which lies over two pipelines. This easement specifically provides that
 "No house, garage, building, septic tack, drain pipes, trees, lake, reservoir, swimming pool, or other structure, facility, or woody growth other than shrubbery shall be placed, erected, planted, or permitted anywhere on the above described strips of land * * *." (Emphasis added.)
It is also undisputed that the seven trees which are the subject of this appeal are located on the right-of-way area, either very close to or immediately over the pipelines. After a complete review of the record we can find no evidence of appellee's intent to abandon this easement. Although appellant was permitted to retain the trees for many years, this may be attributed to the fact that when the trees were smaller, they did not hide as much of the surveillance area and their roots were less likely to reach the pipeline. Appellee now chooses to exercise its easement rights and remove the trees, as a preventative measure as well as an aid to inspection.
Regardless of the reasons behind the initial granting of the easement, the fact remains that appellant was on notice that such an easement existed and may not interfere with appellee's express right to clear the right-of-way. Therefore, we cannot say that the trial court abused its discretion in granting the permanent injunction preventing appellant's interference with the removal of the trees.
Accordingly, appellant's first assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
James R. Sherck, J., Richard W. Knepper, J., CONCUR.