Appellant Roger Pandori appeals the decision of the trial court convicting him after his guilty plea to gross sexual imposition, illegal use of minor nudity, pandering obscenity involving a minor, disseminating material harmful to minors, possession of criminal tools and designating him a sexual predator. Pandori assigns the following two errors for our review:
 I. OHIO REVISED CODE 2950 IS UNCONSTITUTIONAL, AND AS SUCH INVALID, BECAUSE IT VIOLATES SECTION I, ARTICLE I OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRORED (sic) TO THE PREJUDICE OF APPELLANT WHEN IT DETERMINED APPELLANT TO BE A SEXUAL PREDATOR WITHOUT GIVING PROPER NOTICE AND WITHOUT HOLDING A HEARING AS REQUIRED BY OHIO REVISED CODE 2950.09.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On June 17, 1998, Roger Pandori was indicted on four counts of gross sexual imposition (R.C. 2907.07), each with a sexually violent predator specification (R.C. 2971.01), twelve counts of illegal use of a minor in nudity-oriented material (R.C. 2907.323), nine counts of pandering obscenity involving a minor (R.C.2907.321), two counts of disseminating matter harmful to a juvenile (R.C. 2907.31), and one count of possessing criminal tools (R.C.2923.24). The charges stemmed from Pandori's inappropriate contact with his girlfriend's eight-year-old granddaughter.
Pandori's attorney notified the trial court that Pandori was prepared to stipulate that he is likely to commit another sexually oriented offense in the future and that, accordingly, he would be classified as a sexual predator. The trial court asked Pandori about the proposed stipulation.
 COURT: Also as part of this plea arrangement, it will be stipulated that you will be classified as a sexual predator. Do you understand?
PANDORI: Yes, your Honor.
 COURT: And that you will be required to report, he reports to the sheriff's office, isn't it, every, ninety days, you understand, for life? * * * PANDORI: Yes, your Honor.
(Tr. 9 — 10.)
Pandori pleaded guilty to two counts of gross sexual imposition, two counts of illegal use of minor nudity, two counts of pandering obscenity involving a minor, two counts of disseminating material harmful to a minor and one count of possession of criminal tools.
The trial court held a sentencing hearing on October 22, 1998. When considering whether Pandori was to be designated a sexual predator, the trial court discussed with Pandori's attorney the stipulation that Pandori was likely to reoffend.
 COURT: Now, it has been stipulated that the defendant is, in fact, a sexual predator prior to the plea, correct?
 HEINER: That's correct, your Honor. It's part of the plea bargain negotiations.
 COURT: All right. So therefore the Court declares the defendant is a sexual predator.
(Tr. 16.)
The trial court then proceeded to the issue of sentencing. The victim's mother asked the trial court to impose the maximum sentence and described the negative effects of the incidents on the child. The prosecutor described the items seized from Pandori including cartoons and photographs depicting oral sex and urged the trial court to consider the description of the crime as set forth in the presentence report.
The court also considered the presentence investigation which included a discussion by Dr. Keyes of the results of her psychological evaluation of Pandori.
 [T]here appears to be a number of mediating factors of which may weigh against recidivism as well as a number of factors which are not available without interviewing or collecting additional evidence, it is the nature of these offenses that suggest the [likelihood] of recidivism for the defendant. She further suggest[s] that the defendant has an emotionally stunted and deviant sexual arousement pattern as evident by the nature of the Mother and Kid game and the extensive collection of pornography involving cartoon characters. Dr. Keyes further indicated that based on the facts revealed, she could not determine whether the defendant meets the criteria set forth in ORC 2971.01(H) which outlines the definition of a sexually violent predator but in her opinion does exhibit a significant number and type of risk factors which render him likely to engage in one or more sexually oriented offenses in the future, which satisfies that ORC definition of Sexual Predator.
Also attached to the report were several checklists listing the relevant sentencing factors for F-4 and F-5s [fourth and fifth degree felonies], with check marks next to the following factors:
 crime is a sex offense; offender is not amenable to an available community control sanction * * * due to the very serious nature of the instant offense and the age of the victim; injury to victim was worsened by the physical or mental condition or age of the victim (Explanation: victim was age 8); victim suffered serious physical, psychological, or economic harm, as a result of offense (Explanation: the victim is 8 yrs old. J.O. [sic] has negatively impacted her behavior and relationship w/family members. Victim appears to be angry and confused); relationship with victim facilitated the offense (Explanation: the defendant is a family friend who took on the role as the victim's grandfather due to relationship with her grandmother.) Pandori's trial counsel told the court that Pandori was remorseful. Pandori apologized to the court and to the victim's family. The trial court sentenced Pandori to two consecutive eight-year terms for the illegal use counts. The trial court also sentenced Pandori to the following sentences to be served concurrently:two five-year terms for gross sexual imposition, two eighteen month terms for pandering, two eighteen-month terms for disseminating, and one year for possessing criminal tools. This appeal followed.
In his first assignment of error, Pandori argues that R.C. 2950, Ohio's sexual predator statute, violates his privacy, property and happiness rights as set forth in Section I, Article I
of the Ohio Constitution. In support of his argument, Pandori cites State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal allowed (1999), 86 Ohio St.3d 1406. In Williams, the court held R.C. 2950 to be unconstitutional on its face because it unreasonably interferes with rights of individuals beyond the necessities of the situation and is unduly oppressive. The Williams court also found that the statute's notification requirements were unconstitutional because they needlessly interfered with a sexual predator's rights to privacy, to acquire property, to work, and to a good name and reputation.
Because of the pending appeal of Williams in the Ohio Supreme Court, we delayed ruling on this case until that court issued its ruling. Recently, in State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342, the Ohio Supreme Court issued its ruling and held R.C. 2950 does not violate an offender's right to privacy.
 The courts of appeals held that the notification provisions of R.C. Chapter 2950 violate a sex offender's right of privacy.
 The information disseminated to the public, however, is a public record, R.C. 2950.11(E), and the right to privacy only encompasses personal information and not information readily available to the public. See Russell v. Gregoire (C.A. 9, 1997), 124 F.3d 1079, 1094 (citing Whalen v. Roe (1977), 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64, 73.)
Williams, 88 Ohio St.3d at 526, 728 N.E.2d at 356.
 The court also rejected the argument that R.C. 2950 infringes upon an offender's right to seek out or acquire property. Notification is based upon the geographic area around the offender's residence. R.C. 2950.11(A)(1)-(9). Thus, before the community can be notified, the offender must have obtained a temporary or permanent residence, and the right to acquire property has not been implicated.
Id.
With respect to the right to pursue an occupation, the court held no express language existed in R.C. 2950 prohibiting convicted sex offenders from pursuing an occupation. Moreover, the Ohio Supreme Court dismissed as mere speculation the argument that private citizens might use the information to bar convicted sex offenders from obtaining a job. Id. at 527, 728 N.E.2d at 356-357. The court also held R.C. 2950 did not impact an offender's right to a favorable reputation, holding that a favorable reputation is not a protected liberty interest because the harsh consequences of classification and community notification stem from the offender's past actions, and not from the sexual offender law. Id. Pursuant to the Ohio Supreme Court's ruling in Williams, we overrule Pandori's first assignment of error.
In his second assignment of error, Pandori argues that the trial court erred in determining him to be a sexual predator without giving him proper notice and holding a hearing. Our review of the transcript reveals that the trial court did conduct a sexual predator determination hearing, albeit a brief one. At the time of his plea, Pandori stipulated that, as a part of his plea agreement, he would be designated a sexual predator. A stipulation is a voluntary agreement concerning the disposition of some relevant point so as to obviate the need for proof. State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported, discretionary appeal not allowed (1999), 86 Ohio St.3d 1488,716 N.E.2d 721, citing Burdge v. Bd. of Cty. Commrs. (1982), 7 Ohio App.3d 356, 358, 455 N.E.2d 1055, quoting Black's Law Dictionary (5 Ed. 1979), 1269.
We reject Pandori's argument that he was not given sufficient notice of the sexual predator hearing. During his plea hearing, Pandori's trial counsel told the court that Pandori was prepared to stipulate that he is likely to commit another sexually oriented offense in the future and that, accordingly, he would be classified as a sexual predator. Such a statement has been held to indicate prior discussions between trial counsel and the prosecution as to the sexual predator hearing and an awareness that the hearing would be held at the time of sentencing. See State v. Martell (Nov. 29, 1999), Clermont App. Nos. CA99-01-009, CA99-05-054, unreported. In Martell, as in this case, the defendant offered evidence of his remorse at the sexual predator determination hearing and made no argument that he did not receive proper notice that the sexual predator determination was to be made at the sentencing hearing. Furthermore, in this case, Pandori stipulated to being a sexual predator. We find that there was no violation of procedural due process. Pandori's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN L. KILBANE, J., CONCUR; TIMOTHY E. McMONAGLE, P.J., CONCURS IN JUDGMENT ONLY.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE