JOURNAL ENTRY and OPINION
{¶ 1} Johnathan Dowd appeals from a judgment of the common pleas court entered pursuant to a jury verdict which found him guilty of breaking and entering. On appeal he argues the evidence against him is not sufficient to support a conviction and that his conviction is against the manifest weight of the evidence; he also complains of court error in its jury instruction regarding a stipulation at trial. For the following reasons, we affirm the judgment of the court.
 {¶ 2} The record reflects that on around 6 P.M. June 20, 2001, James Harrell, the manager of DiMauro Cleaners, located at 1300 West Ninth Street in Cleveland, closed the store. As part of the lock-up procedure, he left $100 in the cash register and placed the remaining cash proceeds, $50 for that day, and the credit card receipts in an envelope which he took from a box of unused envelopes kept behind the counter for this purpose; he marked this envelope "Wed." In another unused envelope which he labeled "Jim's D C Bill" he put $22, payment for his own dry cleaning. He then placed both behind the counter underneath the cash register, to be retrieved by DiMauro or his wife the following day.
 {¶ 3} When Mrs. DiMauro opened the store the following morning at 7:15 A.M., she found the cash register emptied and these envelopes missing. She called her husband, who then called the police. As DiMauro and Officer Morales arrived at the store, Mrs. DiMauro, while pulling out one of the dry cleaning bags to hold clothes, discovered the two envelopes left by Harrell, which had been ripped open and from which the cash had been removed. Upon investigation, Officer Morales found that the outside doorknob at the rear door of the store had been forced open. The police later found fingerprints on the envelopes, one of which, located at the back of the envelope labeled "Wed," matched the left thumb of Jonathan Dowd, one of 13 candidates produced by the database of the Automated Fingerprint Identification System computer after a fingerprint examiner scanned the envelopes into that system.
 {¶ 4} Subsequently, on October 19, 2001, a grand jury returned a one-count indictment against Dowd for breaking and entering.
 {¶ 5} The case proceeded to trial where the store manager, Harrell, described Dowd as an individual who had been seen frequently around the dry cleaner and adjacent stores in the spring of 2001. He stated that Dowd would visit the store once or twice daily to chat with him. On several occasions, he allowed Dowd access to the back of the store to use the restroom. He testified that he did not give anyone permission to enter the store on the night of the break-in.
 {¶ 6} Felicia Wilson, a fingerprint examiner with the Cleveland Police Department, testified regarding the procedure she employed in comparing the fingerprint found on the envelope marked "Wed" with the fingerprints of 13 candidates produced by the computer database and how she determined that fingerprint matched Dowd's left thumbprint; before this testimony, the parties had stipulated that the fingerprints on the "tempering" card with against which Wilson compared the print from the envelope were those of Dowd's.
 {¶ 7} Dowd did not offer any defense. Following trial, the jury returned a verdict finding him guilty of breaking and entering. Subsequently, the court sentenced him to 10 months in prison, to be served consecutively with a one year sentence in Case No. 370121, for violation of judicial release.
 {¶ 8} Dowd now appeals, raising three assignments of error for our review. We address the first two jointly. They state:
 {¶ 9} "I. The evidence was insufficient as a matter of law to support a finding beyond reasonable doubt that Mr. Dowd was guilty of breaking and entering under R.C. 2911.13."
 {¶ 10} "II. The verdict was against the manifest weight of the evidence."
 {¶ 11} Dowd contends that insufficient evidence existed to support his conviction because the state only presented circumstantial evidence. He also argues that his conviction is against the manifest weight of the evidence, because he contends the state's chief witness, James Harrell, lacked credibilty.
 {¶ 12} Regarding the claim of insufficient evidence, Crim.R. 29(A) states, in relevant part:
 {¶ 13} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 14} The test for sufficiency raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Martin (1983), 20 Ohio App.3d 172, the court summarizes the standard of review for an insufficiency claim:
 {¶ 15} "* * * [T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence." (Citations omitted.)
 {¶ 16} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio stressed the equal weight to be given to circumstantial evidence, stating:
 {¶ 17} "* * * [P]roof of guilt may be made by circumstantial evidence as well as by real evidence and direct or testimonial evidence, or any combination of these three classes of evidence. All three classes have equal probative value, and circumstantial evidence has no less value than the others."
 {¶ 18} The offense of breaking and entering the state accused Dowd of committing is prohibited by R.C. 2911.13(A), which states:
 {¶ 19} "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."
 {¶ 20} Here, the state's evidence at trial indicated that Harrell locked the store at 6:00 P.M., after putting $72 dollars in cash into two envelopes which he had taken from a box of unused envelopes kept behind the store counter. When Mrs. DiMauro opened the store the next morning, she could not locate those envelopes; the police determined that the rear door of the dry cleaner appeared to have been forced open. A fingerprint analysis expert then matched a fingerprint in one of the envelopes to the left thumbprint of Johnathan Dowd, an individual who had visited the store and who had been given permission to use the restroom in the rear of the store. He, however, had no access to the area behind the counter where DiMauro kept the envelopes and furthermore, would have had no reason to touch the new envelopes kept in that box. From this evidence, and from inferences reasonably drawn therefrom, after viewing it in the light most favorable to the prosecution, any trier of fact could have found all the essential elements of breaking and entering beyond a reasonable doubt, specifically, that Dowd entered the dry cleaner by force while it was unoccupied, sometime in the evening of June 20, 2001, with the purpose to commit a theft offense. Thus, Dowd's conviction is sustained by sufficient evidence and we overrule his first assignment error.
 {¶ 21} Next, we consider whether the jury's verdict is against the manifest weight of the evidence. Our review of the claim involves a different test. In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the court cited Martin for its summary of the standard of review for a manifest-weight claim:
 {¶ 22} "* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." (Citations omitted.)
 {¶ 23} Furthermore, the weight of the evidence and the credibility of witnesses are primarily issues for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We are further mindful that the jury is in the best position to observe the witnesses' demeanor, voice inflection, and mannerisms, in order to determine the credibility of each witness. See State v. Saunders (Nov. 21, 2000), Franklin App. No. 99AP-1486.
 {¶ 24} In his manifest-weight claim, Dowd argues mainly that Harrell was not a credible witness, pointing out that Harrell was terminated from his position as manager of the dry cleaner after he had been caught wearing a customer's shirt and that he had also been convicted of embezzlement stemming from an incident where he helped deposit a check which his wife had stolen from her employer.
 {¶ 25} Because the jury heard testimony about those two incidents and could assess Harrell's credibility upon proper instruction from the court, and because credibility of witnesses is a matter left to the province of the jury, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we conclude the jury did not lose its way and create such a manifest miscarriage of justice when it found Dowd guilty of breaking and entering. We therefore overrule the second assignment of error.
 {¶ 26} Dowd's third assignment of error states:
 {¶ 27} "III. The trial court erroneously instructed the jury that it must accept as proven the parties' stipulation and thus denied Mr. Dowd federal and state due process and the federal and state constitutional rights to trial by jury, in violation of Ariticle I, Section 10 of the Ohio Constitution and the fifth, sixth, andfourteenth amendments to the United States Constitution."
 {¶ 28} Dowd complains that the court improperly instructed the jury that it must accept as proven the stipulation that the inked fingerprint against which the state's fingerprint examiner compared the print on the envelope belonged to Dowd.
 {¶ 29} A stipulation in law is nothing more than an agreement between counsel as to a fact which is not disputed and for which no evidence need be presented because neither side disputes that fact. See, also, Horner v. Whitta (Mar. 16, 1994), Seneca App. No. 13-93-33, discretionary appeal not allowed, (1994) 70 Ohio St.3d 1416 (a stipulation, once entered into, filed and accepted by the court, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in that case. A party who has agreed to a stipulation cannot unilaterally retract or withdraw from it. In 89 Ohio Jurisprudence 3d (1989), Trial, Section 69, citing Burdge v. Board ofCounty Commrs. (1982), 7 Ohio App.3d 356, it is similarly stated that a "stipulation is a voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate the need for proof or to narrow the range of litigable issues."[1]
 {¶ 30} Here, the record reveals that before the state's fingerprint examiner testified, the prosecutor stated the parties had stipulated that the print on the tempering card against which Wilson compared the fingerprint on the envelope belonged to Dowd.
 {¶ 31} The record further reflects that the court instructed the jury regarding that stipulation as follows:
 {¶ 32} "There was an agreement as to the thumbprint that was compared, that it was the defendant's. That's all. Not the thumbprint from the envelope in question. * * * Now, no further evidence need be brought in on the stipulation. It was an agreed to fact. You are here to find disputed facts not agreed to facts. There is nothing to decide on agreed facts, you just have to accept it." (Tr. 273.)
 {¶ 33} On the basis of this record, we discern no error in the court's instruction as to the stipulated fact that the comparison fingerprint which matched the print left on the envelope was Dowd's thumbprint.
 {¶ 34} Because of the foregoing reasons, we affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] Dowd cites State v. Mitchell (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491 and State v. Fatica (Oct. 15, 1999), Geauga App. No. 93-G-1799 for the proposition that a stipulation regarding a factual issue does not remove the issue from the jury's consideration. Dowd's reliance on these cases is misplaced. These cases concern the narrow issue of whether the jury must still make a factual finding concerning the existence of a prior conviction stipulated to by the parties when a prior conviction is an element of the charged offense, the existence of which enhances the degree of the offense. In both cases the court answered the question in the affirmative.