BURDGE ET AL., APPELLEES, *v.* BOARD OF COUNTY COMMRS. ET AL., APPELLEES; FIRST TRUST CO. OF OHIO, N.A. ET AL., APPELLANTS.

(No. 82AP-71—Decided October 7, 1982.)

*Mr. Edward J. Bernert,* for appellee Angela Burdge et al.

*Mr. Michael Miller,* prosecuting attorney, and *Mr. James R. Kirk,* for appellee Bd. of Cty. Commrs. et al.

*Messrs. Bricker & Eckler* and *Mr. Joseph S. Gill,* for appellant First Trust Co. of Ohio, N.A. et al.

BROGAN, J. This appeal involves a strip of land located in Norwich Township, Franklin County, Ohio, which had been dedicated in 1954 by Charles and Bernice Vidt. Following acceptance by the Board of County Commissioners, the land became designated in the applicable plat book of the county recorder's office as "Crystal Road."

On September 10, 1980, the owners of the property abutting this strip of land, Angela and Jeremy Burdge, and Donald and Barbara Molt, filed a complaint in the Court of Common Pleas of Franklin County, in an effort to quiet title in themselves to respective portions of the land. The defendants to this action included the Board of County Commissioners and the Trustees of Norwich Township, as well as the First Trust Company of Ohio, N.A., Ruth Gill, and the Estate of Bernice Vidt. The latter three defendants comprised the successors-in-interest of Charles and Bernice Vidt.

The parties submitted the cause to the court, without a jury, upon the pleadings, stipulations, and memoranda of counsel. Pursuant to the findings of fact and conclusions of law filed on December 29, 1981, the trial court quieted title in the abutting landowners to Crystal Road. (Judgment entry dated January 14, 1982.)

The successors-in-interest of the Vidts have filed a notice of appeal to this court and have asserted five assignments of error. The first assignment of error states that:

"1. The lower court erred in holding that Crystal Road has been abandoned."

In support of this contention, appellants emphasize that no Ohio case has held that a dedicated road has been abandoned by nonuse.

This argument relies solely upon the factual aspects of the relevant cases. Clearly, however, the Supreme Court of Ohio has established that abandonment by nonuse is a valid legal doctrine which may be proven in a factually proper case. *Nail & Iron Co.* v. *Furnace Co.* (1889), 46 Ohio St. 544; *Fox* v. *Hart* (1842), 11 Ohio 414.

In *Nail & Iron Co., supra,* the court held that, to establish abandonment by nonuse, all enjoyment of the relevant property must have ceased for a period of twenty-one years.

Appellants advance no facts which would indicate that cessation of enjoyment of Crystal Road had not continued for the prescribed period. Thus, assuming the evidence presented to the trial court in support of its finding that abandonment was proper, which appellants con-

test in their remaining assignments of error, the trial court cannot be held to have erred in finding an abandonment in this case.

Appellants' first assignment of error is overruled.

In their second, fourth and fifth assignments of error appellants maintain that:

"2. The lower court erred in holding that the County Commissioners, through their legal representative, can stipulate that the public interest in a dedicated road has been abandoned."

"4. The lower court erred in deciding the case on stipulations by the County Commissioners, which stipulations were mere legal conclusions and which were beyond the powers of the Commissioners to stipulate."

"5. The judgment of the lower court is against the manifest weight of the evidence."

In pertinent part, the board of county commissioners and the township trustees stipulated that:

"* * *

"4. Crystal Road, although dedicated more than twenty-one (21) years ago, never has been opened to the public for transportation or travel or for any other purpose nor has it ever been maintained as a road or for any other purpose by the Board of County Commissioners or the Township Trustees, Norwich Township, Franklin County, Ohio.

"5. The Board of County Commissioners, Franklin County, Ohio and Township Trustees, Norwich Township, Franklin County, Ohio stipulate that the duly dedicated strip of land known as 'Crystal Road' has been abandoned by the public for all legal intents and purposes and that Crystal Road is not in use.

"* * *

"7. The Board of County Commissioners, Franklin County, Ohio and the Township Trustees, Norwich Township, Franklin County, Ohio have no objection to the vacation of Crystal Road by this court action and stipulate that the public interest does not require the undertaking of a statutory procedure for the vacation of Crystal Road.

"* * *

"9. The current Franklin County highway map, upon which 'Crystal Road' is designated, is prepared periodically by the office of the County Engineer. Said map is designed to reflect roadways which have been formally reserved or established by platting or other dedication. Once a roadway is formally established, the highway maps will continue to show the roadway until such time as the roadway is formally vacated or until title to the same is quieted by court action in persons or entities other than Franklin County. Accordingly, the official Franklin County map shows Crystal Road as originally platted and will continue to show Crystal Road until such time as the status of Crystal Road is formally changed. Said map in no manner purports to show the use or non-use of Crystal Road or any other county roadway.

"10. The Board of County Commissioners and Township Trustees, Norwich Township stipulate that they have no legal interest, easement, title nor claim whatsoever to the strip of land designated as Crystal Road on the Plat of Blue Crystal Acres."

Appellants submit that paragraphs five, seven, nine and ten of these stipulations concern legal conclusions and, therefore, are improper — these paragraphs should have been ignored by the trial court. Without such stipulations, appellants argue, the evidence in support of the claimed abandonment would have been insufficient to justify the trial court's decision.

For purposes of this discussion we will concede that the parties lacked authority to enter into binding stipulations that abandonment had occurred; that statutory vacation procedures were unnecessary; and that the commissioners and trustees had no legal interest, ease-

ment, title or claim to Crystal Road. These stipulations involve legal conclusions and do not relieve the trial court of its duty to determine such matters upon its own analysis of pertinent facts and legal theories.

The stipulations upon which the trial court's finding of abandonment was based were only signed and agreed to by the board of county commissioners and the township trustees. A stipulation cannot be used against a party who has not agreed thereto because, as to the non-agreeing party, it is not a stipulation and, therefore, it is not usable against him. Certainly plaintiffs or parties with a common interest cannot stipulate an opposing party out of a case as was done here.

In the context that it was used herein, a stipulation is defined as a "[v]oluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues." Black's Law Dictionary (5 Ed. 1979). Appellees failed to maintain their burden of proving that Crystal Road had been abandoned by nonuse. The stipulations between appellees could not properly be used against appellants for this proof. Appellants' second, fourth and fifth assignments of error are well-taken.

As to their third assignment of error, appellants insist that:

"3. The lower court erred in holding that the County Commissioners through their legal representative, can consent to the abandonment of a dedicated road without following the statutory procedure for vacation of such road."

Appellants contend that the board of county commissioners cannot act in this matter except in accordance with the statutory provisions for vacation of public roads contained in R.C. Chapter 5553 (county roads—establishment; alteration; vacation). See Annotation, Necessity for Adhering to Statutory Procedure Prescribed for Vacation, Discontinuance, or Change of Route of Street or Highway, 175 A.L.R. 760.

However, R.C. Chapter 5553 delineates only the procedures to be followed by public officials to accomplish the vacation of a public road and does not preclude an action by an abutting landowner to quiet title (R.C. 5303.01) by establishing abandonment by nonuse for a period of at least twenty-one years. See *Nail & Iron Co.* v. *Furnace Co., supra; Fox* v. *Hart, supra;* see, also, 1977 Ohio Atty. Gen. Ops. 2-103, No. 77-028. The fact that the board of county commissioners is named as a defendant in the action to quiet title does not require the institution of statutory vacation procedures.

Appellants' third assignment of error is denied.

The judgment of the trial court is reversed and a new trial is ordered.

*Judgment reversed.*

STRAUSBAUGH and MCCORMAC, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.