BIGLER ET AL., APPELLANTS, *v.* TOWNSHIP OF
YORK ET AL., APPELLEES. (TWO CASES.)

[Cite as *Bigler v. York Twp.* (1993), 66 Ohio St.3d 98.]

(Nos. 91–2575 and 92–53—Submitted January
13, 1993—Decided April 14, 1993.)

*Rubenstein, Novak, Einbund, Pavlik & Celebrezze, Lewis Einbund* and *Frank D. Celebrezze; George W. Hinzey* and *Allan Sherry,* for appellants.

*Robert W. Quirk,* Assistant Prosecuting Attorney, for appellees York Township and Belmont County.

*Thornburg & Bean* and *Charles H. Bean; Thomas, Fregiato, Myser, Hanson & Tomlan* and *Frank A. Fregiato,* for appellees Harrison Leasing Co., Robert Murray, and Kerogen Resources, Inc.

*Kigerl & Vavra* and *John A. Vavra,* for appellees Albert Caldwell, Russell Caldwell, and Carol Pittman.

PFEIFER, J. Appellants contend that "Ohio Revised Code section 5553.042 only delineates the procedure to be followed by county commissioners to accomplish the vacation of a township road and does not preclude an action by an abutting land owner to quiet title by establishing abandonment by nonuse for at least twenty-one years." For the following reasons we disagree with appellants' assertion and, accordingly, affirm the decision of the court of appeals.

The relevant statute, R.C. 5553.042, provides: "A township shall lose all rights in and to any public road, highway, street, or alley which has been abandoned and not used for a period of twenty-one years, after formal proceedings for vacation as provided in sections 5553.04 to 5553.11 of the Revised Code have been taken; and upon petition for vacation of such road, highway, street, or alley filed with the board of county commissioners by any abutting landowner, if the board finds that said public road, highway, street, or alley has been abandoned and not used for a period of twenty-one years as alleged in such petition, the board of county commissioners may, by resolution, order the road, highway, street, or alley vacated and such road, highway, street, or alley shall pass, in fee, to the abutting landowners thereof, as provided by law * * *."

This statutory scheme which empowers the board of county commissioners to vacate a township road involves the careful weighing of widely diverse interests and public-policy considerations. We hold that R.C. 5553.042 is the exclusive remedy available to abutting landowners who desire to have a township road declared to be abandoned, vacated, and conveyed to them.

Conveying a public road into the hands of private ownership requires the decision maker to balance the interests of the abutting landowners with the public interests. That is not possible in a quiet title action. In the instant case, there were affidavits and testimony indicating that if the court were to convey title to the public road into the name of Brian Bigler, then natural resource leases and options to purchase land of other abutting property owners would lose value or even become worthless due to a lack of effective access to the public highways of this state.

The discretionary language contained in R.C. 5553.042 reinforces the broad public-policy nature of the decision to vacate a township road. The statute provides that, upon determining that an abandonment has occurred, along with finding nonuse for a period of twenty-one years, the board of county commissioners "may"—and is not obligated to—order the road vacated. Thus, the statute gives the board of county commissioners the discretionary power to vacate the road, presumably, in order for the board to become sensitive to the interests, requests, and needs of the community.

If this court were to hold that an action could also be brought in a court of common pleas to quiet title to a township road on the grounds of abandonment, we would directly undermine the discretion which the General Assembly expressly granted to the board of county commissioners in R.C. 5553.042. With this separate means to the same end, the statutory powers conveyed to the county commissioners in R.C. 5553.042 would be rendered meaningless. Abutting landowners desiring to vacate township roads would surely avoid petitioning the county commissioners. In a quiet title action, the common pleas court would be obliged to grant landowners' requests, as soon as the court determined that the property had been abandoned and not used by the public for a period of twenty-one years. *Burdge v. Bd. of Cty. Commrs.* (1982), 7 Ohio App.3d 356, 7 OBR 454, 455 N.E.2d 1055. Accordingly, we hold the court of common pleas does not have jurisdiction to quiet the title to a township road.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

A.W. SWEENEY and WRIGHT, JJ., dissent.