OPINION
Appellants Clyde and Anita Williams appeal the decision of the Court of Common Pleas, Morgan County, which granted declaratory judgment in favor of Appellee Carl Williams. The relevant facts leading to this appeal are as follows.
The dispute presently before this Court concerns the status of a short road, approximately one-fifth of a mile in length, situated next to an eighty-acre tract of land owned by Appellee Carl Williams ("Carl") in Bloom Township, Morgan County. Carl obtained title to his eighty acres in February 1991, after the death of his father, Wayne Williams, who provided in his will that his 160-acre tract be split equally and devised to Carl and Appellant Clyde Williams ("Clyde"), Carl's brother. Accordingly, Carl became the owner of the western tract, and Clyde became the owner of the eastern tract. Along the east edge of Clyde's property is County Road 65, running in a north-south direction. The road creating the dispute is Williams Drive, also labeled Township Road 334, which starts at C.R. 65 and runs in a perpendicular manner toward the west, across Clyde's present property, approaching the original Wayne Williams homestead, where Carl, Clyde, and five of their siblings were raised. Access to Carl's tract thus requires traversing Williams Drive, which rests on Clyde's half of the original farm. The drive has also been augmented with two cattle guards.
On November 7, 1994, Carl filed an action in the Morgan County Court of Common Pleas, stating that the aforesaid drive was in disrepair and in need of maintenance. He requested that the drive be declared a public road and officially recognized as Bloom Township Road 334. The original named defendants were Morgan County, the three Morgan County Commissioners, Bloom Township, and the three Bloom Township Trustees. On March 24, 1995, the trial court granted Carl's motion to amend his complaint in order to add four siblings as plaintiffs. On that same date, the court granted Clyde's motion to intervene as a defendant. On June 2, 1995, Clyde and Anita Williams filed their answer,[1] included in which was a claim for reimbursement, in the event the court declared Williams Drive as public, for alleged past maintenance of the drive under the theories of quantum meruit and unjust enrichment.
After significant motion filing and supplementation on the issue of summary judgment, which the trial court ultimately overruled on February 23, 2000, a bench trial on was conducted on May 4, 2000. On June 14, 2000, the trial court held in pertinent part as follows:
 ORDERED, ADJUDGED, and DECREED that Twp. Rd. 334 (Williams Drive) has been (since at least 1953) and remains, a dedicated Bloom Township roadway which extends off of County Road 65 in Morgan County and across property formerly owned by Wayne Williams and currently owned by Clyde and Anita Williams. It is further, ORDERED, ADJUDGED, and DECREED that Bloom Township shall comply with its obligations under the Ohio Revised Code in respect to Twp. Rd. 334, including but not limited to the maintenance thereof.
The trial court further overruled Appellants Clyde and Anita's cross-claim for damages.
Appellants filed their notice of appeal on July 13, 2000. On September 11, 2000, the trial court adopted appellee's proposed findings of fact and conclusions of law. Appellants herein raise the following three Assignments of Error:
 I. TRIAL COURT ERRED AND OR (SIC) ABUSED ITS DISCRETION BY FINDING THAT WILLIAMS DRIVE WAS A PUBLIC TOWNSHIP ROAD.
 II. THE TRIAL COURT ERRED AND OR (SIC) ABUSED ITS DISCRETION IN FAILING TO FIND THAT, IF WILLIAMS LANE WAS INFACT (SIC) A PUBLIC ROAD, THAT THE ROAD HAD BEEN ABANDONED BY THE PUBLIC TOWNSHIP AUTHORITIES.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANTS, CLYDE AND ANITA WILLIAMS' CROSS-CLAIM FOR DAMAGES.
 I.
In their First Assignment of Error, appellants contend that the trial court erred in rendering a finding that Williams Drive was a public road. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281.
The trial court sub judice specifically found the existence of dedication in regard to Williams Drive. Under Ohio law, dedication can be in two forms: statutory and common-law. "A statutory dedication is one made in conformity with the provisions of those statutes providing for such dedication." (Citations omitted.) Becker v. Cox (June 10, 1985), Butler App. No. CA84-04-044, unreported, at 6-7. Appellee concedes in his brief that the evidence presented did not establish a statutory dedication of Williams Drive; thus, we must look to the facets of a common-law dedication.
A common-law dedication can be proven upon the showing of the following three elements: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public. Masterav. Alliance (1987), 43 Ohio App.3d 120; Neeley v. Green (1991),73 Ohio App.3d 167, 170. We will therefore address these elements in light of the record before us.
 Intent and Offer
The intention to make a dedication, the animus dedicandi, may be either expressed, or implied from the acts of the owner of the land dedicated.Becker, supra, citing State ex rel. Litterst v. Smith (1950),87 Ohio App. 513.
In the case sub judice, the late Wayne Williams, the prior owner of the full 160-acre original parcel, was the subject of significant testimony at trial. Donna Mercer, Wayne's oldest daughter, and sister of Carl and Clyde, testified as to her childhood memories of the farm property. Born in 1938, she recalled Wayne's efforts during her early school years to have the driveway designated as a township road in order to facilitate a closer pick-up point for the school bus. Tr. at 108-109. Wanita Kernen, another daughter of Wayne, similarly espoused a belief that Wayne understood Williams Drive to be a township road. Tr. at 130-131. Furthermore, in addition to being a Bloom Township property owner, Wayne served as a township trustee from approximately 1944 to 1952, and later served as a township employee. At least once during that period, in his capacity as a trustee, he certified to the Ohio Department of Transportation ("ODOT") the mileage of all township roads in Bloom Township, as part of road maintenance funding procedures. Included in this certification was TR 334.[2]
 Acceptance
Donna Mercer, during her testimony, also recalled seeing a now-defunct township road sign on the drive, near a grouping of rose bushes. This recollection was matched by the testimony of Appellee Carl, as by Wanita Kernen, and Jeff McInturf, a surveyor employed by the Morgan County Engineer's Office. (Tr. 128, 161). Mercer further remembered observing Wayne using grading equipment on the drive, similar to the machinery utilized by the township. Tr. at 111-114. Although Wayne's dual role of private property owner and township employee may cloud the significance of the grading, what greatly persuaded the trial court was the long history of the township's acceptance of funds for its roads, including the drive in question:
 Now, I know somebody is going to try to convince me that 334 isn't Williams Lane and I expect if maybe I had to do it beyond a reasonable doubt that might not be the case but in all probability it is. I am persuaded by the fact that since 1953 Bloom Township has accepted money from the state of Ohio to maintain 334, and I know that everybody went (sic) up there was trying to tell me there was a mistake, but there wasn't any mistake since 1990. And since 1990 the Bloom Township people have still been accepting money from the state of Ohio. And I heard those upstanding gentleman (sic) testify about how they would not spend one dime of the taxpayers money on private property. * * * I think that if the township trustees clearly believed there wasn't a township road with that frame of mind they would have stopped accepting money from the state of Ohio someway. * * *.
Tr. at 285-286.
The Ohio Supreme Court has long held that "[t]he action of a public officer, or of a board, within the limits of the jurisdiction conferred upon it by law, is not only presumed to be valid but it is also presumed to be in good faith and in the exercise of sound judgment." (Citations omitted.) Zalud Oldsmobile Pontiac, Inc. v. Tracy (1996),77 Ohio St.3d 74, 80. R.C. 5535.01(C) further provides that "[t]he board of township trustees shall maintain all such roads within its township." Appellant provides no documentation that Bloom Township officials acted improperly in accepting public funds that were, in part, for the maintenance of TR 334. Thus, we may presume valid acceptance of TR 334 by the township, by virtue of said funds being designated for all township roads listed for ODOT.
We therefore find that the record provides sufficient competent evidence of the three elements of common-law road dedication regarding Williams Drive, thus supporting a finding of the existence of a public road. Appellant's First Assignment of Error is overruled.
 II.
In their Second Assignment of Error, appellants argue that even if Williams Drive is designated as a public road, the trial court erred in not finding the existence of abandonment. We disagree.
In support of their position, appellants cite Kelly Nail Iron Co. v.Lawrence Furnace Co. (1889), 46 Ohio St. 544, for the proposition that a movant may show abandonment of a public road by demonstrating that all acts of public enjoyment of the road have totally ceased over a period of twenty-one years. However, appellants fail to recognize the modern prerequisite of formal abandonment proceedings before the local board of county commissioners, as outlined in RC 5553.042: "A township shall lose all rights in and to any public road, highway, street, or alley which has been abandoned and not used for a period of twenty-one years, after
formal proceedings for vacation as provided in sections 5553.04 to5553.11 of the Revised Code have been taken * * *. (Emphasis added.) The Ohio Supreme Court has emphasized that "R.C. 5553.042 provides the exclusive remedy for abutting landowners who desire a township road to be vacated." Bigler v. York Twp. (1993), 66 Ohio St.3d 98, syllabus. Accord Haudenschield v. Lotz (Aug. 10, 1992), Hardin App. No. 6-91-27, unreported.
The record provides no proof of statutory abandonment proceedings involving appellants or any other party, in connection with Williams Drive. Therefore, we hold that appellants have failed to demonstrate the existence of abandonment as a matter of law.
Appellants' Second Assignment of Error is overruled.
 III.
In their Third Assignment of Error, appellants contend that the trial court erred in overruling their cross-claim for monetary damages. We disagree.
The crux of appellants' damages claim at trial was reimbursement to compensate for their maintenance of Williams Drive for the ultimate benefit of the government. In addressing this claim, the trial judge noted the following:
 To compensate you Clyde for the money that you have spent it seems to this court if you want compensation for maintaining a public road then it should have been a public road that people had the opportunity to use. My understanding is you haven't treated it as a public road during this time period. You've maintained it as a private road. Now you may very well have been mistaken in that in terms of what the law says, okay. But you've conferred no benefit on the public * * *.
Tr. at 287.
We concur with the reasoning of the trial court in this regard. Appellants clearly performed whatever maintenance work they accomplished as volunteers, without the existence of a contract with the township. Even if we were to apply quasi-contract principles, in order for appellants to recover under a theory of quantum meruit, they must demonstrate that, at the time their services were rendered, there was an expectation of compensation for those services. Paugh Farmer, Inc. v.Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44, 46. See, also,Sonkin Melena Co., L.P.A. v. Zaransky (1992), 83 Ohio App.3d 169, 175;Penwell v. Casto (May 28, 1996), Madison App. No. CA95-09-030, unreported; Brune-Harpenau-Torbeck Builders, Inc. v. Torbeck (Dec. 24, 1998) Hamilton App. No. C-971072, unreported. As the trial court correctly concluded, Appellants Clyde and Anita have for years acted under their impression that the drive was private, and we find nothing in the record suggesting they expected compensation from the government for maintenance thereof. Moreover, "[i]t a long-standing principle of Ohio law that 'all governmental liability ex contractu must be express and must be entered into in the prescribed manner, and that a municipality or county is liable neither on an implied contract nor upon a quantummeruit by reason of benefits received.' " Kraft Const. Co. v. CuyahogaCounty Bd. of Com'rs. (1998), 128 Ohio App.3d 33, 44 (citation omitted). The Kraft court further quoted the language of Buchanan Bridge Co. v.Campbell (1899), 60 Ohio St. 406, wherein the Supreme Court of Ohio stated:
 Whatever the rule may be elsewhere, in this state the public policy, as indicated by our constitution, statutes and decided cases, is, that to bind the state, a county or city for supplies of any kind, the purchase must be substantially in conformity to the statute on that subject, and that contracts made in violation or disregard of such statutes are void, not merely voidable, and that courts will not lend their aid to enforce such a contract directly or indirectly, but will leave the parties where they have placed themselves. * * *.
Id. at 419-420. See, also, Asphalt Material and Construction Company v.Knox County (February 23, 1982), Knox App. No. 81-CA-22, unreported.
Thus, we are unpersuaded that the trial court erred in denying appellants' cross-claim for monetary damages. Appellants' Third Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Morgan County, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.
Costs taxed to Appellants Clyde and Anita Williams.
 ________________________ By: Wise, J.
Hoffman, P. J., and Boggins, J., concur.
[1] The entry approving intervention does not mention Anita.
[2] Appellant urged throughout the proceedings that TR 334 might actually be a separate road in the township. However, our review of the record finds no merit in this misidentification theory.