OPINION
Appellant was indicted on two counts of Rape, in violation of R.C. § 2903.04(A)(1)(b) and one count of Attempted Rape, in violation of R.C. § 2904.04(A)(1)(b) and R.C. § 2923.02.
On June 6, 2001, pursuant to a negotiated plea agreement, Appellant entered pleas of guilty to two counts of Rape and one count of Attempted Rape, wherein the State would recommend a sentence of five (5) years on each count of Rape, to be served consecutively, and five years community control on the count of Attempted Rape, to begin upon release from prison. (T. at 5-13).
Appellant also stipulated that pursuant to said plea agreement, he would be classified as a sexual predator. (T. at 8)
The Court sentenced Appellant in accordance with the State's recommendation.
The sentencing entry was docketed on June 7, 2001.
Appellant filed the instant appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS.
 II. THE TRIAL COURT'S SEXUAL CLASSIFICATION IS CONTRARY TO LAW AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR ANNE [SIC] ABUSED ITS DISCRETION IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR.
 I.
Appellant argues that the trial court sentence was contrary to law in that the trial court did not make the necessary statutory findings pursuant to R.C. § 2929.41, § 2929.14 and § 2929.19. We agree.
The State maintains that the sentence imposed upon appellant was a result of a negotiated plea agreement, and that appellant knew prior to changing his plea that he would be sentenced to two consecutive five-year terms of incarceration on the Rape Charges followed by five years community control on the Attempted Rape charge. The State suggests that his acceptance of the plea bargain, coupled with his failure to object at sentencing, constitutes waiver. We do not agree.
Revised Code § 2929.14 governs prison terms. Subsection (E)(4) states as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Further, when imposing consecutive sentences under Section 2929.14, the court must state its reasons for imposing consecutive sentences. R.C. § 2929.19(B)(2)(c).
Upon review of the trial court's findings from the transcript of the sentencing hearing and the June 7, 2001, "Sentencing Entry", we find that the trial court failed to make the findings required by R.C. §2929.14 and § 2919.19.
Appellant's first assignment of error is sustained.
 II.
Appellant argues that the trial court erred in classifying him as a sexual predator by failing to hold a sexual classification hearing. We disagree.
The record in the present case clearly indicates that Appellant stipulated to his sexual predator status as part of his plea agreement.
"A stipulation is a voluntary agreement concerning the disposition of some relevant point so as to obviate the need for proof." State v.Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported, discretionary appeal not allowed (1999), 86 Ohio St.3d 1488,716 N.E.2d 721, citing Burdge v. Bd. of Cty. Commrs. (1982),7 Ohio App.3d 356, 358, 455 N.E.2d 1055, quoting Black's Law Dictionary (5 Ed.1979), 1269.
When a defendant stipulates as part of his plea bargain that he is to be classified as a sexual predator, such classification is automatic and there is no need for the trial court to conduct a hearing. State v.Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported,
Appellant waived his right to a sexual predator determination hearing and stipulated to being a sexual predator. The court entered a finding accordingly.
Therefore, because Wiggins stipulated to his sexual predator status, there was no need for evidence to be presented at a hearing because his classification was automatic.
Appellant's second assignment of error is overruled.
The sentence imposed by the trial court in this case is vacated, and this case is remanded for resentencing, so that the trial court can comply with the requirements of R.C. § 2929.14 and § 2929.19.
The judgment of the Richland County Court of Common Pleas is reversed in part and affirmed in part.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part and reversed in part and remanded. Costs to be assessed equally between the parties.
Hon. William B. Hoffman, J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.