OPINION
{¶ 1} Plaintiff-appellant, New 52 Project, Inc. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted the motion of defendant-appellee, Gordon Proctor, Director of the Ohio Department of Transportation ("appellee"), to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). *Page 2 
 {¶ 2} Appellant advances one assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS WHEN THE COMPLAINT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
 {¶ 3} Civ.R. 12(B)(6) authorizes a defendant to assert by motion that the plaintiff's complaint fails to state a claim upon which relief may be granted. Such a motion tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378. Therefore, a court must limit its consideration to the four corners of the complaint when deciding a Civ.R. 12(B)(6) motion to dismiss. Singleton v. Adjutant Gen. ofOhio, Franklin App. No. 02AP-971, 2003-Ohio-1838, ¶ 18.
 {¶ 4} In addition, a court must presume that all factual allegations in the complaint are true and must draw all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192, 532 N.E.2d 753. However, "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." Phelps v. Office of Attorney Gen., Franklin App. No. 06AP-751, 2007-Ohio-14, ¶ 4, quoting State ex rel.Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128. Our review is de novo. Krukrubo v. Fifth Third Bank, Franklin App. No. 07AP-270, 2007-Ohio-7007, ¶ 11, citing Perrysburg Twp. v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.
 {¶ 5} We begin with an examination of appellant's complaint, filed November 13, 2006. Therein, appellant alleges that it is the fee owner of real property that is the servient estate with respect to an easement that appellee has held since January 2, 1959. *Page 3 
Appellant attached to the complaint, as Exhibit A, a copy of the recorded document evidencing conveyance to appellee of the easement at issue. The document, entitled, "Easement for Highway Purposes," provides that appellant's predecessor-in-title, in exchange for consideration paid, would "grant, bargain, sell, convey and release to [appellee] * * * a perpetual easement and right of way for public highway and road purposes in, upon and over the lands hereinafter described * * *." (Exh. A.)
 {¶ 6} Appellant alleges that appellee used the easement "for highway purposes for some years, being used as the main route of U.S. 52 for ingress to and egress from Chesapeake, Ohio." (Complaint, ¶ 5.) Appellant further alleges, "Beginning approximately 1984 or 1985, the highway was rerouted and the previous highway became an exit ramp and was rerouted so it did not traverse the easement at issue here but instead deadended into First Street and thence connected with Third Street in Chesapeake (also County Road 1)." (Id. at ¶ 6.) Finally, the complaint states, "From and after that time, the easement held by defendant or a major portion thereof has ceased to be used as an exit or for any other highway purposes for a period exceeding the statutory period of twenty-one years and by the terms of the original conveyance or by law should be held to be extinguished and plaintiffs seized of the entire, unencumbered freehold." (Id. at ¶ 7.)
 {¶ 7} Appellant prays for a declaration that appellee has abandoned the easement or that the easement has been extinguished, and that appellant is the sole owner of the real property, free from the easement. *Page 4 
 {¶ 8} On December 21, 2006, appellee filed its motion to dismiss. Therein, it argued that appellant's complaint failed to state a claim upon which relief may be granted because: (1) the complaint is based upon a claim of adverse possession, which does not lie against the state; and (2) the complaint is based upon a claim of abandonment, which cannot occur through mere nonuse, but only through adherence to the procedures found in R.C. 5511.01.
 {¶ 9} Appellant responded, arguing that its complaint does not advance a claim for adverse possession, but that it does state a valid claim that appellee has abandoned the easement through nonuse thereof, and that the easement is therefore extinguished. Appellant argued that R.C.5511.01 is inapplicable because that statute only deals with abandonment of highways, and the land in question is no longer a highway, having not been used as a highway for over 20 years.
 {¶ 10} In granting the motion to dismiss, the trial court reasoned that even if appellee has not used the subject easement for highway purposes since 1984 or 1985, because the original easement was for highway purposes, the easement remains a "highway" for purposes of R.C.5511.01. The court determined that appellant has no common law cause of action for abandonment, citing the case of Bigler v. York (1993),66 Ohio St.3d 98, 609 N.E.2d 529, in which the Supreme Court of Ohio held that a statute that prescribes procedures for abandonment of a township road provides the exclusive manner by which a township road may be abandoned.
 {¶ 11} R.C. 5511.01 provides, in pertinent part:
 The director [of the Ohio Department of Transportation] may, upon giving appropriate notice and offering the opportunity for *Page 5 
public involvement and comment, abandon a highway on the state highway system or part of such a highway which the director determines is of minor importance or which traverses territory adequately served by another state highway, and the abandoned highway shall revert to a county or township road or municipal street. A report covering that action shall be filed in the office of the director, and the director shall certify the action to the board of the county in which the highway or portion of the highway so abandoned is situated.
The trial court went on to conclude that because the complaint does not allege that appellee's director has complied with the procedures for abandonment of a highway under R.C. 5511.01, it fails to state a claim for abandonment of the easement.
 {¶ 12} On appeal, appellant again argues that statutory procedures for governmental abandonment of a highway are inapplicable because this case does not involve a highway; rather, it concerns a public easement. Appellant argues that the rule applicable herein is set forth in the case of Lawrence RR. Co. v. Williams (1878), 35 Ohio St. 168. There, the Supreme Court of Ohio explained that when the public holds a highway easement, "The fee of the land remains in the owner; he is taxed upon it; and when the use or easement in the public ceases, it reverts to him free from incumbrance." Id. at 171-172.
 {¶ 13} Appellant also directs our attention to the case of Kelly Nail Iron Co. v. Lawrence Furnace Co. (1889), 46 Ohio St. 544, 22 N.E. 639, in which the Supreme Court of Ohio held that, notwithstanding then-existing Ohio statutes that prescribed abandonment procedures, a public entity's nonuse of a highway easement could work an abandonment thereof, if such nonuse continued for at least 21 years. The court stated, "we hold that where non-user [sic] by the public, of a street within a city is relied upon as *Page 6 
proving an abandonment of it, such non-user [sic] must be shown to have continued for a period of twenty-one years." Id. at 548. Appellant further cites the earlier case of Fox v. Hart (1842), 11 Ohio 414, in which the Supreme Court of Ohio held that the public right to a highway may be lost by nonuse.
 {¶ 14} Finally, appellant cites our own case of Burdge v. Bd. of Cty.Commrs. (1982), 7 Ohio App.3d 356, 7 OBR 454, 455 N.E.2d 1055. In that case, the trial court found that a county road had been abandoned and quieted title in the abutting landowners on that basis. Citing KellyNail Iron, supra, this court held that "abandonment by nonuse is a valid legal doctrine which may be proven in a factually proper case." Id. at 356. We rejected the county commissioners' and township's argument that R.C. 5553.042, et seq., which delineates the procedure to be followed for vacation of a county road, precludes an action to declare an abandonment through nonuse for at least 21 years.
 {¶ 15} In response to appellant's arguments, appellee argues that the Supreme Court of Ohio rejected the rationale espoused in appellant's cases when it decided Bigler, the case upon which the trial court relied.[1] In Bigler, the plaintiffs sought to quiet title to land comprising a township road. The Supreme Court of Ohio rejected the plaintiffs' argument that the township lost all rights to the road through nonuse for 21 years, because R.C. 5553.042 provides that a township loses all rights to any road "which has been abandoned and not used for a period of twenty-one years, after formal proceedings *Page 7 
for vacation as provided in sections 5553.04 to 5553.11 of the Revised Code have been taken." In other words, the court enforced both requirements for abandonment contained in the statute: (1) nonuse for 21 years, by which the General Assembly incorporated the common law into the statute, and (2) formal vacation proceedings under R.C. 5553.04 to5553.11, which vest discretion in the county commissioners whether to ultimately vacate the road and pass the title in fee to the abutting landowners. Appellee maintains that, under the rationale espoused inBigler, R.C. 5511.01 is the exclusive method by which appellee may abandon a highway.
 {¶ 16} Appellee also argues that appellant's abandonment claim is essentially equivalent to a claim for adverse possession, which generally does not lie against the state. Houck v. Bd. of ParkCommrs., 116 Ohio St.3d 148, 2007-Ohio-5586, 876 N.E.2d 1210, ¶ 18. Appellee does not offer, and we are unable to find, any support for the notion that a servient estate owner's claim for abandonment of an easement is the functional equivalent of a claim for adverse possession. Moreover, the elements of each claim are substantively different. Abandonment focuses on the acts and omissions of the dominant estate-holder and requires that the owner of the servient estate prove both nonuse and an affirmative intent to abandon the easement.Snyder v. Monroe Twp. Trustees (1996), 110 Ohio App.3d 443, 457,674 N.E.2d 741. Adverse possession, on the other hand, focuses on the acts of the one claiming prescriptive ownership, and requires proof of exclusive possession and open, notorious, continuous, and adverse use for a period of 21 years. Grace v. Koch (1998), 81 Ohio St.3d 577,692 N.E.2d 1009, syllabus. Therefore, *Page 8 
we reject appellee's argument in this regard, and focus solely on its contention that R.C. 5511.01 precludes appellant's claim.
 {¶ 17} Appellant argues that the Bigler case is not dispositive because the statute in Bigler incorporated the common law rule that public easements no longer in use will revert to the adjoining landowners; and it did not bar abutting landowners from asserting their exclusive rights to land no longer used as a public road. Appellant argues that here, because R.C. 5511.01 provides no mechanism for servient estate owners to call a public entity to account for its nonuse of a highway easement, and provides no reversion to the servient estate owner, the common law rule should be applied when invoked.
 {¶ 18} Thus, we must endeavor to reconcile Bigler, in which the Supreme Court of Ohio held that "R.C. 5553.042 provides the exclusive remedy for abutting landowners who desire a township road to be vacated," with Kelly Nail Iron, in which the court held that even where statutes prescribe procedures for a public entity to formally vacate a road, if the public entity has made no use of a road easement for 21 years, then an abutting landowner may bring a claim for abandonment.
 {¶ 19} After Kelly Nail Iron, the Supreme Court of Ohio has continued to develop the concept of a common law action for forfeiture of an easement through abandonment. "An abandonment is proved by evidence of an intention to abandon as well as of acts by which the intention is put into effect; there must be a relinquishment of possession with an intent to terminate the easement." W. Park ShoppingCtr v. Masheter (1966), 6 Ohio St.2d 142, 144, 35 O.O.2d 216,216 N.E.2d 761; see, also, Wyatt v. Ohio Dept. of Transp. (1993), 87 Ohio App.3d 1,5, 621 N.E.2d 822. *Page 9 
 {¶ 20} It is true that unlike the statute at issue in Bigler, the statute invoked here — R.C. 5511.01 — provides only for the Ohio Department of Transportation to initiate proceedings to abandon a highway easement, and mandates that any abandoned highway reverts to a county or township road or municipal street. The statute provides no mechanism by which an owner of a servient estate may claim an abandonment of a public highway easement and may quiet the title in himself on that basis. Accordingly, we must determine whether the landowner's common law right survived the enactment of R.C.5511.01,[2] or whether R.C. 5511.01 limited or eliminated the common law right.
 {¶ 21} "In Ohio, `not every statute is to be read as an abrogation of the common law. "Statutes are to be read and construed in the light of and with reference to the rules and principles of the common law in force at the time of their enactment, and in giving construction to a statute the legislature will not be presumed or held, to have intended a repeal of the settled rules of the common law unless the languageemployed by it clearly expresses or imports such intention."'" (Emphasis sic.) Danziger v. Luse, 103 Ohio St.3d 337, 2004-Ohio-5227,815 N.E.2d 658, ¶ 11, quoting Bresnik v. Beulah Park Ltd. Partnership, Inc. (1993),67 Ohio St.3d 302, 304, 617 N.E.2d 1096, quoting State ex rel. Morris v.Sullivan (1909), 81 Ohio St. 79, 7 Ohio L. Rep. 408, 90 N.E. 146, paragraph three of the syllabus.
 {¶ 22} "Thus, in the absence of language clearly showing the intention to supersede the common law, the existing common law is not affected by the statute, but continues in full force. There is no repeal of the common law by mere implication." *Page 10 
(Citations omitted.) Carrel v. Allied Prods. Corp. (1997),78 Ohio St.3d 284, 287, 677 N.E.2d 795. "The rule of strict construction refuses to extend the law by implication or inference and recognizes nothing that is not expressed." Id. at 288, citing Iron City Produce Co. v. Am. Ry.Express Co. (1926), 22 Ohio App. 165, 153 N.E. 316.
 {¶ 23} By its plain language, R.C. 5511.01 provides a mechanism by which the director of the Ohio Department of Transportation may initiate proceedings to formally abandon a highway, whether or not that highway traverses an easement; but it says nothing at all about claims by servient estate owners asserting that the department has abandoned a highway easement through nonuse. The statute neither expressly repeals nor incorporates any aspect of the common law cause of action for abandonment of a highway easement. Given that R.C. 5511.01 does not concern servient estate owners' claims, and with no explicit statement that the statutory provisions in R.C. Chapter 5511 are the exclusive means by which a public entity may abandon or vacate a highway easement, we cannot infer that the General Assembly intended to repeal the common law action for forfeiture of a highway easement based upon abandonment through nonuse. See id. at 287-288.
 {¶ 24} For these reasons, we hold that R.C. 5511.01 did not abrogate or limit the common law right of the fee owner of the servient estate to bring an action seeking a declaration that a public highway easement has been forfeited through abandonment. Accordingly, the trial court erred when it determined that no common law cause of action for abandonment is available. Appellant's complaint states that appellee has not used its highway easement, or a portion thereof, for more than 21 years; and that appellee, years *Page 11 
ago, constructed a new roadway to replace that which formerly traversed the easement; and prays for a declaration that appellee has forfeited the easement by abandonment. In light of all of the foregoing, appellant's complaint states a claim upon which relief may be granted.
 {¶ 25} Accordingly, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings.
Judgment reversed; cause remanded.
BRYANT and KLATT, JJ., concur.
[1] We agree with appellee's argument that Bigler implicitly overruled our holding in Burdge because both of those cases involved the same issue and the same statute.
[2] The statute was first enacted prior to 1953. *Page 1