Lanzinger, J.,
dissenting.
{¶ 25} I dissent from the holding of the majority that a court of common pleas has no jurisdiction to decide whether an easement for a state highway has been abandoned.
{¶ 26} My analysis begins with the fact that New 52 Project, Inc. (“New 52”) has sued the state in common pleas court, seeking a declaration that the public-highway easement has been abandoned or extinguished. This court has held that the state of Ohio cannot be sued without its consent and further held that an action to quiet title cannot lie against the state. W. Park Shopping Ctr. v. Masheter (1966), 6 Ohio St.2d 142, 35 O.O.2d 216, 216 N.E.2d 761, paragraphs one and two of the syllabus. W. Park was effectively overruled, however, when the General Assembly subsequently waived the state’s immunity with regard to actions to quiet title under R.C. 5303.01. Am.S.B. No. 208, 134 Ohio Laws, Part I, 402, 405.
{¶ 27} R.C. 5303.01 provides:
{¶ 28} “An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.
{¶ 29} “Whenever the state or any agency or political subdivision thereof has, or appears to have, an interest in real property adverse to the person in possession claiming the right thereto, the state or such agency or such political subdivision may be made a party in any action brought under this section.” (Emphasis added.)
{¶ 30} Therefore, property owners have a statutory right to pursue an action to quiet title against the state.
{¶ 31} The ability of New 52 to pursue an action to quiet title is not affected by this court’s decision in Bigler v. York Twp. (1993), 66 Ohio St.3d 98, 609 N.E.2d 529. Bigler involved an entirely different statute, R.C. 5553.042(B), which provides a specific procedure for an abutting landowner of a township road to petition for vacation of “a public road, highway, street, or alley.” This court held *8 that R.C. 5553.042 established an exclusive mechanism for vacating township roads and therefore the court of common pleas had no jurisdiction over a common law action to quiet title to a township road. Id. at syllabus. However, neither R.C. 5511.01 nor 5511.07, which are at issue here, offers a similar petition process to fee owners who have public highway easements on their property.
David Reid Dillon, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, Michael Stokes, Assistant Solicitor, and Frederick C. Schoch, Assistant Attorney General, for appellant.
{¶ 32} To reach its conclusion that the court of common pleas lacks jurisdiction over New 52’s action, the majority adds language to the statutes being interpreted. But if the General Assembly truly intended to give exclusive authority to the director of transportation to abandon or vacate state highway easements, it would have eliminated the second paragraph of R.C. 5303.01, which specifically allows property owners to challenge the state’s interest in their realty.
{¶ 33} New 52 has a remedy under R.C. 5303.01, and although it did not specifically refer to the statute in its complaint, it has set forth a claim to quiet title. The complaint sought a declaration that the public highway easement had been abandoned by the state or had been extinguished through nonuse and a declaration that it is the owner of the unencumbered real property in which the state has consented to be a party. Ohio is a notice-pleading state, and as the court of appeals recognized, the declaratory judgment action sought to quiet title in New 52. For this reason, I would affirm the judgment of the court of appeals that remanded this case to the trial court for further proceedings.