[Cite as *Edgington v. Newman*, 2012-Ohio-4962.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| DONALD EDGINGTON, | : | Case No. 11CA917 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| LISA NEWMAN, TREASURER, | : | |
| | : | **RELEASED 10/24/12** |
| | : | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

John H. Lawler, West Union, Ohio, for appellant.

C. David Kelley, Adams County Prosecutor, and Dana N. Whalen, Adams County Assistant Prosecutor, West Union, Ohio, for appellee.

_____

Harsha, J.

{¶1}    Donald Edgington filed a complaint against the Adams County Treasurer to obtain the proceeds from the sale of forfeited land under R.C. 5723.11.  Edgington purchased the land from the state at an auction.  However, he claims that even before the sale, he obtained ownership of the land by adverse possession.  Edgington argues that as the former owner of the property, he is statutorily entitled to the sale proceeds minus the delinquent real estate taxes and costs of conducting the sale.  After Edgington moved for summary judgment, the trial court sua sponte granted summary judgment in the Treasurer's favor.

{¶2}    Edgington contends that the trial court erred for various reasons when it denied his motion and granted the Treasurer a summary judgment.  However, even if we presume that Edgington properly filed this action and that the trial court's rationale

for its decision is erroneous, Edgington's adverse possession claim fails as a matter of law. Edgington contends that his 21 year period of adverse possession began on June 7, 1984. He concedes that on November 17, 2004, i.e., before 21 years elapsed, the trial court entered a judgment ordering the property deeded to the state by forfeiture. Once this event occurred, Edgington could not have obtained ownership of the property because adverse possession will not lie against the state. Therefore, the trial court properly denied Edgington summary judgment and granted summary judgment in favor of the Treasurer. Accordingly, we affirm the judgment below.

I.  Facts

{¶3}    Berlin and Charlotte Cole were formerly the record owners of Lot 26 in the Crackel Estate Subdivision in Adams County, Ohio. From 1985 on, they did not pay real estate taxes on the property. In May 2004, the Adams County Treasurer filed an in rem action to force the sale of the property for the delinquent taxes. Evidently the Coles passed away at some point, so their heir, Adam Cole, filed an answer to the complaint. On August 4, 2004, the trial court entered a judgment ordering the sale of the property; the sheriff made two attempts to sell the property but received no bids. On November 17, 2004, the court entered a judgment ordering the property deeded to the state by forfeiture. When the Adams County Auditor auctioned the property on the state's behalf on December 3, 2007, Edgington bought the property.

{¶4}    On June 18, 2009, Edgington sent the Treasurer a letter, claiming for the first time that he owned the property even before the auction by way of adverse possession. He demanded the "excess proceeds" from the auction sale under R.C. 5723.11. He asked the Treasurer to commence a civil action under the statute to

determine ownership of the property if she was not fully satisfied with his claim of ownership. On May 10, 2010, having received no response to the letter, Edgington filed suit against the Treasurer to obtain the proceeds of the sale minus the taxes owed on the property and costs related to the sale.

**{¶5}** Edgington filed a motion for summary judgment, which the Treasurer opposed. The trial court denied Edgington's motion and sua sponte granted the Treasurer a summary judgment. The court held that whether Edgington had a "viable cause of action for adverse possession is moot. All rights [Edgington] may have had to claim ownership by adverse possession were lost when he failed to file an answer or intervene in [the 2004 in rem action] asserting those rights. The rights he had, if any, were transferred to the State by the Common Pleas Court's entry ordering the lands forfeited to the State." This appeal followed. The parties filed a joint motion asking us to remand the matter to the trial court for consideration of a Civ.R. 60(B)(5) motion for relief from judgment. We granted this request, but the trial court denied the motion.

## II. Assignments of Error

**{¶6}** Edgington assigns three errors for our review:

I.     The Trial Court erred in application of ORC § 5723.11 to the facts of this case.

II.    The Trial Court erred in applying the *in rem* provisions of ORC § 5721.18 to the facts of this case.

III.   The Trial Court erred in rendering judgment *sua sponte* in favor of Appellee in the trial court.

## III. Summary Judgment

**{¶7}** In each of the assignments of error, Edgington contends that the trial court erred in various ways when it denied his motion for summary judgment and sua sponte

granted the Treasurer summary judgment.  Civ.R. 56 generally does not authorize courts to enter summary judgment in favor of a non-moving party.  *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 16.  However, "[o]nce a party files a motion for summary judgment, a trial court may sua sponte grant summary judgment for a nonmoving party if (1) all relevant evidence is before the court, (2) no genuine issue of material fact exists, and (3) the nonmoving party is entitled to judgment as a matter of law."  *Note Portfolio Advisors L.L.C. v. Wilson*, 8th Dist. No. 97326, 2012-Ohio-2199, ¶ 9, citing *Todd Dev. Co.* at ¶ 16-17.  "The reason for this exception is that the parties have had an opportunity to submit all evidence to the court, and the parties have notice that the court is considering summary judgment.  As a result, neither party's due process rights are violated."  *Todd Dev. Co.* at ¶ 17.  "In reviewing an award of summary judgment to a nonmoving party, we apply a de novo standard of review."  *Note Portfolio Advisors L.L.C.* at ¶ 9.

**{¶8}**    At the time the state sold the property and Edgington purchased it at auction, R.C. 5723.11 provided:

> If any forfeited lands are sold for a greater sum than the amount of the tax, assessment, penalty, interest, and costs of sale, the county auditor shall charge the county treasurer separately in each case, in the name of the supposed owner, with the excess above such amount.  The treasurer shall retain such excess in the treasury for the proper owner of the forfeited lands, and upon demand by such owner, within six years from the day of sale, shall pay the excess to him.

> If the treasurer, upon demand, is not fully satisfied as to the right of the person demanding to receive such excess sum or if there are several different claimants, he shall commence a civil action by filing a petition of interpleader in the court of common pleas of the county where the land was sold, wherein he shall make the person claiming the excess, and the state, defendants, and the action shall proceed as other civil actions.  The costs of the proceedings shall be paid by the person claiming the excess, as the court orders. The prosecuting attorney shall prosecute the action, in

behalf of the treasurer.[1]

{¶9}    We question whether this statute confers on Edgington a right to directly file suit against the Treasurer for the excess funds.  Once the Treasurer rejected his demand and refused to commence the civil action described in the statute, it seems Edgington should have filed a mandamus action to compel the Treasurer to file the civil action.  Nonetheless, the trial court and parties never raised this issue.  Even if we assume Edgington had the right to bring this action, and even if we assume, as Edgington contends, that the trial court's rationale for granting the Treasurer summary judgment is flawed, Edgington's adverse possession claim fails as a matter of law.

{¶10}   "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years."  *Grace v. Koch*, 81 Ohio St.3d 577, 692 N.E.2d 1009 (1998), syllabus.  In his affidavit, Edgington averred that the 21 year period began on June 7, 1984.  He concedes that on November 17, 2004, a court ordered the property deeded to the state by forfeiture.  In other words, the state became the owner of the property a few months before the requisite 21 years elapsed.  Edgington essentially claims that he concluded the 21 year period for adverse possession after the state obtained ownership of the property.  But "adverse possession [will] not lie against the state."  *New 52 Project, Inc. v. Proctor*, 122 Ohio St.3d 1, 2009-Ohio-1766, 907 N.E.2d 305, ¶ 13.  *See Haynes v. Jones*, 91 Ohio St. 197, 110 N.E. 469 (1915), syllabus ("No adverse occupation and user of land belonging to the state of Ohio, however long continued, can divest the title of the state in and to such lands.").  Therefore, Edgington could not have obtained ownership of the property as a matter of

---

[1] The statute was amended, effective April 7, 2009.

law because he only adversely possessed the land for approximately 20 years when it was transferred to the state. Thus, Edgington is not entitled the excess proceeds of the sale under R.C. 5723.11.

{¶11} All the relevant evidence was before the court; no genuine issue of material fact exists; and the Treasurer is entitled to judgment as a matter of law. Therefore, the trial court properly denied Edgington's motion for summary judgment and sua sponte granted summary judgment in favor of the Treasurer. We overrule the assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**